STATE OF CONNECTICUT *v.* OLLIE MORGAN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 2, 1975—decision released January 20, 1976

*Michael J. Daly III,* for the appellant (defendant).

*Robert E. Beach, Jr.,* office of the chief state's attorney, with whom was *John F. Bianchi,* state's attorney, for the appellee (state).

House, C. J. Following a trial to a jury, the defendant was found guilty of the crime of rape and, appealing from the judgment rendered on the verdict, has assigned as error the refusal of the court to grant his motion for a directed verdict, its refusal to set aside the verdict, and portions of its charge to the jury.

As is not unusual in such cases, there was some conflict in the testimony of the complaining witness, to whom we will refer as W, and the testimony of the defendant. There was, however, no material conflict in the evidence that the defendant, an acquaintance of W, a married woman, went to her home in a rural area and had sexual intercourse with her. W testified to the incident, the identity of the defendant and that she was sexually penetrated by him. The defendant, testifying in his own behalf, admitted being in W's home at the time stated by her and that he had sexual intercourse with her. The gravamen of the defendant's claim is that the state failed to prove beyond a reasonable doubt that the act was performed by forcible compulsion on his part.

The statute pursuant to which the defendant was charged (General Statutes § 53a-72) provides, in relevant part, that "[a] male is guilty of rape in the first degree when he engages in sexual intercourse with a female: (1) [b]y forcible compulsion; . . . ." Section 53a-65 of the General Statutes defines "forcible compulsion" as including "physical force that overcomes earnest resistance; or a

threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." See *State* v. *Esposito,* 122 Conn. 604, 606–607, 191 A. 341; *State* v. *Shields,* 45 Conn. 256, 264–65.

It is unnecessary to recite the details of the incident. It suffices to note that W's testimony as printed in the appendix to the defendant's brief fully supports a finding by the jury that the defendant achieved his objective by physical force which overcame W's earnest resistance and placed her in fear of immediate death or serious physical injury. The issue of "forcible compulsion" presented a question of fact for the jury and the evidence on this issue including the admissions contained in the testimony of the defendant amply supports their verdict. The court committed no error in denying the defendant's motions for a directed verdict and to set aside the verdict.

The defendant's attack on the court's charge requires but brief comment. As counsel properly admitted in oral argument, the recent decision of this court in *State* v. *Jonas,* 169 Conn. 566, 363 A.2d 1378, which decision was issued subsequent to the filing of the defendant's brief, discloses the total lack of merit in his claims that each and every element of the crime of rape must be corroborated. As to his other claims of error in the charge, it suffices to note that no requests to charge were offered and no exceptions were taken. We find it unnecessary to consider these claims. *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576; see also *State* v. *Uriano,* 165 Conn. 104, 328 A.2d 679.

There is no error.

In this opinion the other judges concurred.