STATE OF CONNECTICUT *v.* MELVIN LONG

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued March 4—decision released April 27, 1976

*William F. Tiernan, Jr.,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

BARBER, J.  The defendant was tried to a jury and convicted of the crime of sale of heroin, in violation of § 19-480 (a) of the General Statutes. On appeal, he has assigned error in the court's failure to charge the jury in accordance with his request and in the court's failure to rule upon his motion to suppress the use by the state of a prior felony conviction for impeachment purposes on cross-examination.

According to our appellate rules in effect at the time the assignment of errors was filed, claims of error in the charge are tested by the claims of proof set forth in the finding. *State* v. *Brown,* 163 Conn. 52, 58, 301 A.2d 547.  The finding in this case reveals that the state offered evidence to prove the following:  On February 8, 1971, Officer Theodore W. Forbes, a member of the West Haven police department assigned to the South Central Regional Crime Squad as an undercover agent, met with Maurice Greer on Columbus Avenue in New Haven.  Forbes

and Greer drove in Forbes' automobile to West Street in New Haven and parked the car. Greer had told Forbes that Forbes would be able to purchase drugs on West Street from a person named "Melvin Long." At 4:30 p.m., shortly after Forbes and Greer had parked on West Street, the defendant approached the automobile and sold Forbes twenty-seven glassine envelopes containing a white powder for $200. Three of the glassine envelopes sold by the defendant to Forbes contained an opiate substance. Officer Forbes identified the defendant in court as the person who had sold him the twenty-seven glassine envelopes. Maurice Greer was present at the transaction between Forbes and the defendant but did not testify at the trial. Officer Forbes testified that he had attempted to locate Greer during a two-month period following the defendant's arrest but had been unable to do so. Forbes had visited 82 Anderson Avenue, West Haven, which had at one time been Greer's address, several times and had spoken with other residents of that address. The defendant called two private investigators as witnesses. The first investigator, Richard Blauvelt, testified that he had, at the request of the defendant's counsel, attempted to serve a subpoena on Greer at 82 Anderson Avenue but was unable to do so. The second investigator, William E. LeBlanc, had also unsuccessfully attempted to serve a subpoena on Greer at 82 Anderson Avenue. LeBlanc learned that Greer had at one time lived at 80, not 82, Anderson Avenue but had since moved to 215 Rosette Street in New Haven. LeBlanc was unable to find Greer at the Rosette Street address.

The defendant requested the court to charge the jury, in reference to Greer, as follows: "The failure of a party to produce a witness who is within his

power to produce and would have naturally been produced by him or her, permits, although it does not require, an inference that the evidence of the witness, if produced, would have been unfavorable to his or her case." The court refused to charge in accordance with this request, noting that no evidence had been produced that Greer was available to testify.

"The failure of a party to produce as a witness one who is available and who naturally would be produced permits the inference that such witness, if called, would have exposed facts unfavorable to the party's cause. *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 675, 165 A.2d 598. . . . To take advantage of this rule permitting an adverse inference, the party claiming the benefit must show that he is entitled to it." *State* v. *Brown,* 169 Conn. 692, 704, 364 A.2d 186. Even assuming that Greer was a witness whom the state would naturally produce; see *State* v. *Brown,* 163 Conn. 52, 58, 301 A.2d 347; *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598; the defendant did not satisfy the first prong of the *Secondino* test by showing that he was actually available. In fact, the evidence produced by the defendant only strengthened Officer Forbes' testimony that Greer could not be located. Under these circumstances, the court properly refused to charge as requested.

Before the trial commenced, the defendant filed a motion for an order preventing the state from using the defendant's prior felony conviction for purposes of impeachment. Since the defendant was relying primarily upon an alibi defense, it was apparent to the court that the defendant would probably take the stand and thereby subject himself

to cross-examination by the state. The state argued against the motion, noting that it would be more timely if made after the defendant testified, at which point the court would have heard both the state's case and the defendant's testimony and would be able to place the issue of the defendant's credibility in context. The court addressed the defendant's counsel as follows: "As far as I'm concerned, at this particular point it's an 'iffy' motion. And in view of that, I would suggest that you do not press it. However, if you wish a ruling, I will give it to you." To which defense counsel replied: "I will adhere to your Honor's suggestion, and present it later on." The defendant later withdrew the motion entirely, and, upon taking the stand, testified on direct examination concerning his prior conviction of the crime of robbery with violence.

On appeal, the defendant claims the court erred in failing to rule upon the motion and in urging the defendant not to press the motion. As revealed by the record, both claims are without merit. The court was clearly willing to rule upon the motion if requested to do so by defense counsel. In the light of our numerous statements that the admissibility of evidence of prior crimes is dependent upon a weighing test to be performed by the trial court; see, e.g., *State* v. *Brown,* 169 Conn. 692, 701, 364 A.2d 186; *State* v. *Moynahan,* 164 Conn. 560, 567, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S. Ct. 291, 38 L. Ed. 2d 219; the court's suggestion that a decision on the motion be postponed until the evidence in question could be placed in context was well taken.

There is no error.

In this opinion the other judges concurred.