Melvin LONG

v.

**Carl ROBINSON, Warden, Connecticut Correctional Institution, Somers.**

Civ. No. H–77–537.

United States District Court,
D. Connecticut.

April 10, 1978.

Melvin Long, pro se.

Ernest J. Diette, Asst. States Atty., New Haven, Conn., for defendant.

## MEMORANDUM OF DECISION

BLUMENFELD, District Judge.

This is a petition for a writ of habeas corpus by Melvin Long, a state prisoner who is serving a sentence of seven to ten years. After a jury trial, petitioner was found guilty of selling narcotics in violation of Section 19–480(a) of Conn.Gen.Stat.Ann.

His claim is that it was an unconstitutional denial of due process for the trial judge to refuse to give the following requested charge: "The failure of a party to produce a witness, who is available and who naturally would be produced *permits the inference* that such witness, if called, would exposed [*sic*] facts unfavorable to the party's cause." On appeal to the Supreme Court of Connecticut, his conviction was affirmed. *State v. Long,* 171 Conn. 18, 368 A.2d 199 (1976).

### I.

The same issue presented here was also before the Connecticut Supreme Court. Although that court recognized the rule that the unexplained failure of a party to call a witness whom it naturally would produce to give evidence in its behalf permits an inference that the witness would testify against the interests of the party failing to call him, *State v. Brown,* 169 Conn. 692, 704, 364 A.2d 186 (1975); *Secondino v. New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960), it held that the trial judge had not committed error because the defendant had not shown that the witness "was actually available."

What prompted the requested instruction was evidence during the trial that the uncalled witness had led an undercover government agent to the defendant and had been present at the sale by the defendant to the agent. The witness' name, and

1. In *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977), the Court commented:

"The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The

his home address at the time of the transaction, was known to the defendant. There was also testimony that the arresting officer had attempted to get in touch with the witness at that address over a two-month period following Long's arrest. In addition, two private investigators hired by the defendant testified to unsuccessful attempts to locate and subpoena the witness, who had moved from his former address.

Since the state supreme court has passed upon the same issue presented here, the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied. *See United States ex rel. West v. LaVallee,* 335 F.2d 230 (2d Cir. 1964); *United States ex rel. Weinstein v. Fay,* 333 F.2d 815 (2d Cir. 1964).

### II.

A mere error of state law, if one occurred, cannot always be treated as a denial of due process; otherwise every erroneous decision by a state court would present a constitutional question. *Gryger v. Burke,* 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683, *reh'g denied,* 335 U.S. 837, 69 S.Ct. 13, 93 L.Ed. 389 (1948). Where the alleged error is in the court's instructions to the jury, the applicable rule is that recently stated by the Court of Appeals for this circuit in *Wright v. Smith,* 569 F.2d 1188, at 1191 (2d Cir. 1978):

"[T]he issue upon this review of a decision on a federal habeas petition is not whether the state court's 'instruction is undesirable, erroneous, or even "universally condemned,"' *Cupp v. Naughten,* 414 U.S. 141, 146 [94 S.Ct. 396, 38 L.Ed.2d 368] (1970) [*sic;* 1973], but whether 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' *Id.* at 147 [94 S.Ct. at 400]." [1]

question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' *Cupp v. Naughten,* 414 U.S. at 147 [94 S.Ct. at 400], not merely whether 'the instruction is undesirable, erroneous, or even "universally condemned,"' *id.,* at 146 [94 S.Ct. at 400]." (footnote omitted).

In this case the refused instruction related to a rule of evidence as distinguished from a principle of substantive law. In holding that the due process clause prohibits a state from convicting a defendant unless its evidence, taken as a whole, is sufficiently probative to permit the trier of fact to find him guilty beyond a reasonable doubt, the Court in *In re Winship,* 397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970) said:

> "The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.'" (citation omitted).

*See also Freeman v. Zahradnick,* 429 U.S. 1111, 1112–13, 97 S.Ct. 1150, 51 L.Ed.2d 566 (1977) (Stewart, J., dissenting from denial of certiorari).

In a criminal case the significance of any item of evidence varies according to how directly it relates to the determination of a defendant's guilt or innocence. In the case against the petitioner an inference permissible from a failure to produce the witness would have had only a tangential bearing on that determination. Although the inference which the petitioner argues the jury should have been permitted to draw from the failure of the state to produce the uncalled witness would not be an inference of any specific fact, it may be assumed that if the jury chose to draw one, it would not have been helpful to the prosecution in proving either the identity or intent of the defendant. Where, as here, there is no link to a particularized content of an inference, Judge Friendly has suggested in *Felice v. Long Island Railroad Co.,* 426 F.2d 192, 195 n.2 (2d Cir.), *cert. denied,* 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1970), that instead of instructing the jury that it may infer that the unproduced witness would have exposed facts unfavorable to the defendant,

"[i]t would have been more accurate to characterize the inference, if one should be drawn by the jury against one side, as permitting the jury 'to give the strongest weight to the evidence already in the case in favor of the other side, and which has not been, but might have been, effectively contradicted or explained by the absent witnesses.' *Seligson, Morris & Neuburger v. Fairbanks Whitney Corp.,* 22 A.D.2d 625, 630, 257 N.Y.S.2d 706, 710 (1st Dept.1965) (Breitel, J.). The jury should not be encouraged to base its verdict on what it speculates the absent witness would have testified to, in the absence of some direct evidence."

*See also Victory v. Bombard,* 570 F.2d 66 (2d Cir. 1978).

In every criminal trial the members of the jury must decide whether the evidence is sufficient in quality, and amount, to convince them beyond a reasonable doubt of the defendant's guilt. The failure to give a negative inference instruction did not operate to shift the burden of proof to the defendant with respect to any element of the offense with which he was charged. The requirement that the state prove every element of the crime beyond a reasonable doubt was not modified. Although the jury was not permitted to infer some matter which might have given stronger weight to the defendant's side, it was still not specific evidence of an exculpatory nature. *Compare United States ex rel. Annunziato v. Manson,* 425 F.Supp. 1272 (D.Conn.), *appeal withdrawn,* 556 F.2d 554 (2d Cir. 1977). If there was error in excluding it, that error did not by itself so infect the entire trial as to violate due process. *Cf. Wright v. Smith, supra.*

### III.

Even if the inference which the defendant wished the jury to draw was of such quality as to be of constitutional significance, the failure to give the instruction was not error. Indeed, in this case the jury

was instructed that it could not draw any adverse inference against the state from the failure of the prosecution to produce the witness.[2] The permissibility of an adverse inference in this case depended upon the availability of the witness. Since the failure to produce the witness would have probative value only if he was available, his non-production was only conditionally relevant. It was precisely because the defense had not established that he was available that the trial judge instructed the jury that no inference could be drawn from the lack of testimony from the informer.

 The finding by the court that the informer was not available as a witness cannot be relitigated in this proceeding, for the petitioner received "a full, fair, and adequate hearing in the State court proceeding" on that question. *See* 28 U.S.C. § 2254(d)(6). Neither on the direct appeal from his conviction nor in the case here has the petitioner contended that the witness' availability presented a question of fact which could be decided only by a jury. Ordinarily the preliminary question of the existence of a condition upon which the application of a particular rule of evidence depends is determined by the court. *See* Fed. R.Evid. 104; *United States v. Eskow*, 422 F.2d 1060 (2d Cir.), *cert. denied*, 398 U.S. 959, 90 S.Ct. 2174, 26 L.Ed.2d 544 (1970); McCormick, *Evidence* § 53 (2d ed. Cleary 1972). In any event, both sides submitted evidence of unsuccessful efforts to locate the witness at the trial. What was introduced would not have allowed the court to conclude that the witness was available to the state. *See Dyer v. MacDougall*, 201 F.2d 265 (2d Cir. 1952). There was no flaw in the determination that the witness was not available.

The petitioner has failed to establish that the proceedings which led to his conviction

and imprisonment were unconstitutional. Accordingly, the petition is denied.

SO ORDERED.

---

**2.** The state record discloses that the instruction was given because, in summing up, the defense counsel had argued to the jury that such an inference could be drawn. State procedural rules do not contain a provision requiring the judge to inform counsel which of the requested instructions will not be given. *Compare* Fed.R.

Crim.P. 30 on instructions: "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury . . . ." This case is a striking example of how the lack of such a rule might have an adverse effect on defense counsel's closing argument to the jury.