STATE OF CONNECTICUT *v.* HUGH BOYD

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and A. HEALEY, Js.

Argued June 6—decision released August 7, 1979

*John F. Merchant,* with whom were *Thomas F. Seymour* and, on the brief, *Joel M. Kaye,* for the appellant (defendant).

*Richard L. Shiffrin,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

LOISELLE, J. The defendant was charged in an information with kidnapping in the second degree in violation of General Statutes § 53a-94 (a). The jury found the defendant guilty of unlawful restraint in the second degree in violation of General Statutes § 53a-96 (a), which is a lesser included offense of the one charged. The defendant has appealed from the judgment rendered on the verdict.

Evidence was presented to the jury that the defendant entered the victim's car while it was parked in Stamford and that, with the victim driving part of the time and the defendant driving part of the time, they proceeded on approximately a six-hour trip, principally on the Connecticut Turnpike and the New York Thruway, finally returning to Stamford. During the trip the defendant threatened the victim with a revolver and knives.

The defendant's first claim of error is that he was deprived of his constitutional right to know the exact nature of the charge against him. He contends that the use of the designation, subsection "(a)," in the information charging a violation of

General Statutes § 53a-94 (a)[1] was constitutionally confusing in that it led him to believe that the state was proceeding against him under General Statutes § 53a-94a.[2] The defendant argues that this confusion was compounded by the incorrect reference to the latter statute (§ 53a-94a) in the application for a bench warrant.

The short answer to the defendant's claim is that the information and bill of particulars are controlling and there is nothing in either of them to indicate an intention on the part of the state to prosecute the defendant for any other crime than that of simple second degree kidnapping under General Statutes § 53a-94 (a). In his motion for a bill of particulars, the defendant mistakenly referred to "§ 53a-94a." None of the answers to the questions pertaining to this statute, however, was allowed by the court, so that the bill of particulars was framed to answer charges stemming from § 53a-94 (a). The information was explicit and correct; neither it nor the bill of particulars even hinted that the state was charging the defendant with using a firearm or

[1] "[General Statutes] Sec. 53a-94. KIDNAPPING IN THE SECOND DEGREE: CLASS B FELONY. (a) A person is guilty of kidnapping in the second degree when he abducts another person."

[2] "[General Statutes] Sec. 53a-94a. KIDNAPPING IN THE SECOND DEGREE WITH A FIREARM: CLASS B FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of kidnapping in the second degree with a firearm when he kidnaps in the second degree, as provided in section 53a-94, and in the commission of such offense he uses or is armed with and threatens the use of or uses or displays or represents by his words or conduct that he possesses a pistol, revolver, machine gun, shotgun, rifle or other firearm. No person shall be convicted of kidnapping in the second degree and kidnapping in the second degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information.

(b) Kidnapping in the second degree with a firearm is a class B felony for which one year of the sentence imposed may not be suspended or reduced by the court."

dangerous weapon. The defendant was not deprived of his constitutional right to know the "nature and cause of the accusation." Conn. Const., art. 1 § 8.

The next claim of error is the court's refusal to strike certain hearsay testimony. A witness for the state testified that she "perhaps recognized" the defendant and that she followed him and the victim in the latter's car to a Greenwich tollbooth on the Connecticut Turnpike. She was then asked: "When you got to the toll booth, what did you do . . .?" The answer was: "The man who collects money— you know, that something funny was going on in the car. And I ask him what if he sees anything strange and he said that the girl, the driver, was very scared. So I told him maybe it's a robbery, if he wanted to call the police." No objection or motion to strike was made to this evidence.

During cross-examination this same witness was asked in regard to her conversation with the toll collector: "Can you recall that conversation, what you said?" She then repeated in substance what she had stated previously concerning the toll collector's statement.[3] This time, defense counsel made a

---

[3] "Q. Can you recall that conversation, what you said?

A. Yea, I ask him did—

Q. It was a man, was it?

A. Yes, it was. I asked him if what happened to the car before, how the lady seemed. There's somebody in that car and he said—

Q. You can't say what he said. I just want to know what you said.

A. What?

Q. You can't tell what he said. I just want to know what you said.

A. Oh, I said, I asked him, you know, if in the car, if he see anything that looked unusual in the car. And he said to me 'Yes, the young lady looked very scared, like a jack rabbit.'

Q. Wait a minute, now. I don't want you to say what he said.

A. Okay."

motion to strike the answer. The court, however, allowed the answer to stand through a misunderstanding: it assumed that the defendant had asked what was the content of the conversation rather than merely what the witness had said.

The statement of the toll collector was an out-of-court statement repeated in court for proof of the matter asserted, and as such was hearsay and subject to objection. *Mei* v. *Alterman Transport Lines, Inc.,* 159 Conn. 307, 314, 268 A.2d 639 (1970). Where hearsay evidence is admitted without objection, such evidence may be given such weight as the trier of fact deems that it is worth. *Cutlip* v. *Connecticut Motor Vehicles Commissioner,* 168 Conn. 94, 98, 357 A.2d 918 (1975); *Pluhowsky* v. *New Haven,* 151 Conn. 337, 343, 197 A.2d 645 (1964). Although the prior hearsay testimony was in evidence and the jury could consider it, the defendant had not waived his right to object to a subsequent attempt to introduce the same evidence. Therefore, the trial court was in error in not striking it; however, even though the ruling was erroneous, the defendant must demonstrate that he was harmed by the evidence. *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153 (1960); *Sears* v. *Curtis,* 147 Conn. 311, 316, 160 A.2d 742 (1960). "An erroneous ruling should not be considered reversible error if the evidence admitted thereby has already properly entered the case." *State* v. *Jeustiniano,* 172 Conn. 275, 283, 374 A.2d 209 (1977). The witness' testimony was little more than a recitation of her earlier statements and nowhere in the defendant's brief or in the record is there any showing of prejudice or specific harm to the defendant.

The last claim of error is that because the state did not produce the toll collector or one James Cobb as witnesses, the defendant was entitled to an adverse inference charge concerning them.

The instruction sought was that which is commonly called the *Secondino* charge. *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 675, 165 A.2d 598 (1960). In *Queen* v. *Gagliola*, 162 Conn. 164, 169, 292 A.2d 890 (1972), this court established the criterion that "[t]he party claiming the benefit of the rule on the adverse inference must show that he is entitled to it." That is, the party claiming the benefit of the ruling must show that the witness is available and that the witness is one whom the party would naturally produce. *State* v. *Long*, 171 Conn. 18, 21, 368 A.2d 199 (1976); *Raia* v. *Topehius*, 165 Conn. 231, 237, 332 A.2d 93 (1973). From the evidence printed in the defendant's brief, it appears that the defendant could not locate Cobb. There is no evidence or any indication in the record or the briefs that the toll collector was available and there was no evidence from which the jury could determine if he was or was not available. Under these circumstances, the court was not in error in not charging on the adverse inference. *State* v. *Long*, supra, 21. In addition, nowhere in the record or the briefs is there any indication that the defendant requested the court to charge on the inference or that an exception was taken to the charge on this point. Where this failure occurs, there is no error in not making the charge. See *State* v. *Morgan*, 170 Conn. 110, 112, 365 A.2d 99 (1976); *State* v. *Gerak*, 169 Conn. 309, 316, 363 A.2d 114 (1975).

There is no error.

In this opinion the other judges concurred.