STATE OF CONNECTICUT *v.* WILLIE MORGAN

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued November 16, 1979—decision released February 12, 1980

*Aaron P. Slitt,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *George D. Stoughton,* state's attorney, and *Richard Schatz,* assistant state's attorney, for the appellee (state).

BOGDANSKI, J. The defendant was charged in a three count information with the crime of assault in the first degree in violation of § 53a-59 (a) (1) of the General Statutes and with two counts of the crime of reckless endangerment in the first degree in violation of § 53a-63 of the General Statutes. After a trial to the jury he was found guilty of the two counts of reckless endangerment and not guilty of the assault charge. From the judgment rendered, the defendant has appealed.

The defendant claims that the court erred: (1) in denying his petition to erase; (2) in its charge to the jury in several respects; (3) in a ruling on evidence; and (4) in allowing the state to proceed against him with more than one count of reckless endangerment.

The facts can be summarized as follows: On April 23, 1977, the defendant, the owner of a Hartford cafe, and one Charles Campbell had an altercation in the cafe after which Campbell was asked to leave. Later that evening, Campbell reappeared at the cafe and approached the defendant who was seated in the rear of the premises. There was testimony that Campbell had his right hand in his pocket as he approached and that the defendant attempted to have him stay away. As Campbell continued to approach, the defendant took out a revolver and fired two shots at Campbell. The first shot missed Campbell, ricocheted and struck two patrons seated at the bar. The second shot struck

Campbell in the chest. Campbell was known to carry a gun and had been convicted of assault with intent to wound in the state of Ohio. The defendant was aware of a rumor that Campbell had killed a man.

The defendant bases his claim that the court erred in denying his petition to erase the record on § 54-90[1] of the General Statutes which requires the dismissal of charges where the state has obtained an initial continuance and then completely ignores the case for thirteen months. See *State* v. *McCarthy,* 179 Conn. 1, 425 A.2d 924 (1979) and *State* v. *Troynack,* 174 Conn. 89, 95, 384 A.2d 326 (1977).

Since the record fails to reveal what, if anything, took place with respect to this case between June 17, 1977, the date of the defendant's not guilty plea, and July 24, 1978, the date of his petition to erase, including the question of whether the state was granted a continuance, this claim is without merit.

The defendant next argues that if one is justified in taking action because he believes another person is about to use deadly force upon him, that any unintended injury to innocent bystanders resulting from such action cannot be considered criminal. This issue was never presented to the trial court by either a request to charge or by an exception taken to the charge as given. Appellate review on

---

[1] General Statutes § 54-90, now § 54-142a, provides in pertinent part: "(c) . . . Whenever any charge in a criminal case has been continued in the superior court . . . and a period of thirteen months has elapsed since the granting of such continuance during which period there has been no prosecution or other disposition of the matter, the charge shall be construed to have been nolled as of the date of termination of such thirteen-month period and such erasure may thereafter be effected or a petition filed therefor, as the case may be, as provided in this subsection for nolled cases."

this nonconstitutional issue is, therefore, precluded. See *State* v. *Boyd,* 178 Conn. 600, 424 A.2d 279 (1979); *State* v. *McDaniel,* 176 Conn. 131, 135, 405 A.2d 68 (1979).

The defendant further contends the court erred in failing to instruct the jury that their verdict on the assault count would affect their verdict on the reckless endangerment counts, and in charging that each count was to be considered as a separate offense. The court charged that if the jury found the defendant acted in self defense, he should be found not guilty of all offenses, but that separate and unrelated judgments on the three counts should be rendered. The court refused to instruct the jury that acquittal on the assault charge required acquittal on the less serious charges of reckless endangerment. In refusing to do so, the trial court did not err. In essence, the defendant claims that the verdicts returned by the jury are logically inconsistent.[2] The defendant further claims the court erred in instructing the jury on the question of whether the victim Campbell had a gun. The charge as given[3] was not prejudicial.

---

[2] The fact that the verdicts may be inconsistent is immaterial to the validity of the guilty verdicts reached. See *State* v. *Rosado,* 178 Conn. 704, 425 A.2d 108 (1979); *State* v. *Stevens,* 178 Conn. 649, 425 A.2d 104 (1979). That the verdicts may have been the result of compromise, or a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters. *Dunn* v. *United States,* 284 U.S. 390, 393–94, 52 S. Ct. 189, 76 L. Ed. 356 (1932); *Stechler* v. *United States,* 7 F.2d 59, 60 (2d Cir. 1975); *State* v. *Manning,* 162 Conn. 112, 122, 291 A.2d 750 (1971).

[3] "Now, in considering the defense of justification you may consider the conduct of the accused and the victim prior to and during the shooting; the relationship of the accused and the victim; whether the victim was armed with a gun or any other weapon; the situation in which the accused found himself; any knowledge which the accused had from other sources which might have a bearing upon

The court permitted the state to rehabilitate the victim Campbell by allowing him to explain the circumstances underlying his conviction in Ohio for assault with intent to wound. Since the defendant had attempted to use Campbell's prior record as evidence of his violent nature, the trial court did not abuse its discretion in permitting the state to question the witness in this manner.

Lastly, the defendant contends that his conviction of two counts of reckless endangerment was based upon one shot which happened to injure two persons; and that the act of firing one shot can only provide the basis for one count. The short answer is that the charge of reckless endangerment is based upon the number of reckless actions taken and not on the number of injuries actually sustained. It is undisputed that the defendant fired two shots in a crowded room; it is the firing of two shots which supports his conviction on two counts of reckless endangerment.

There is no error.

In this opinion COTTER, C. J., LOISELLE and PETERS, Js., concurred. HEALEY, J., concurred in the result.

---

his belief that he was in danger; whether any reputation of the victim for violence was known to the accused at the time of the shooting and any other facts or circumstances you find to have existed at said time and place."

Whether the victim was armed with a gun or any other weapon was an improper element for the court to include in its charge. However, in view of the fact that the accused was acquitted of the more serious assault charge, it was not prejudicial.