RONNIE BRAUN *v.* HERBERT R. EDELSTEIN
(6383)

DUPONT, C. J., BORDEN and DALY, Js.

Submitted on briefs November 15, 1988—decision released March 14, 1989

Alan M. Solomon and Scott M. Harrington filed a brief for the appellant (defendant).

Gary I. Cohen and Laurel A. Ellson filed a brief for the appellee (plaintiff).

DUPONT, C. J. The plaintiff brought a complaint against the defendant alleging physical and emotional injuries resulting from a claimed assault and battery by the defendant on September 14, 1985. After a court trial, the court rendered judgment for the plaintiff in the amount of $25,000. The defendant appeals, claiming that the trial court erred (1) in admitting the testimony of the plaintiff relating to the defendant's offer to compromise, (2) in concluding that the plaintiff was entitled to damages for emotional injuries, (3) in awarding excessive damages to the plaintiff, and (4) in declining to draw an adverse inference from the plaintiff's failure to produce a witness. We find no reversible error.

The trial court found that the plaintiff had been involved in a long term romantic relationship with the defendant, and that on the evening of September 14, 1985, the plaintiff was with the defendant at his invitation. The court further found that during the course of the evening, the defendant became angry with the plaintiff and assaulted her with his fists causing injuries to her.

The defendant testified that any injuries sustained by the plaintiff were accidental, and not intentional. The court found the testimony of the plaintiff's treating physician corroborative of the plaintiff's claim that her injuries were caused by an intentional assault.

The defendant first claims that the court improperly admitted testimony by the plaintiff of an alleged offer of settlement by the defendant. During redirect examination of the plaintiff, she was asked whether "[the defendant] ever offer[ed] you anything to make you drop this lawsuit?" Over the defendant's objection, the court allowed the plaintiff to answer the question, reasoning that the defendant had raised this line of questioning on cross-examination. The plaintiff then testified that the defendant had offered her $10,000 to drop the lawsuit.

On appeal, the defendant argues that the testimony of the plaintiff was inadmissible because it concerned an offer relating to a compromise. "It has long been the law that offers relating to compromise are not admissible on the issue of liability." *Simone Corporation* v. *Connecticut Light & Power Co.,* 187 Conn. 487, 490, 446 A.2d 1071 (1982). The plaintiff asserts that her testimony was admissible because the defendant opened this line of questioning during cross-examination.[1] We find no basis for the plaintiff's assertion in the record. The defendant's questioning of the plaintiff on cross-examination did concern communication between the parties after the alleged assault, but did not relate to offers of settlement. The testimony, therefore, was not admissible on the ground that testimony about the subject had been elicited during cross-examination. The rule excluding evidence of offers of settlement reflects the strong public policy of promoting the settling of disputes. C. Tait & J. LaPlante, Connecticut Evidence § 11.5.4 (b) (2d Ed. 1988). We conclude that the trial court erred in admit-

---

[1] An admission of fact made during negotiations, where the statement was intended to state a fact, however, is competent evidence. *Simone Corporation* v. *Connecticut Light & Power Co.,* 187 Conn. 487, 490, 446 A.2d 1071 (1982). The plaintiff does not contend that the statement was an admission of fact elicited during negotiations.

ting the testimony of the plaintiff relating to the defendant's alleged offer of compromise. As the error is evidentiary in nature, however, the defendant bears the burden of establishing that the error was harmful. *Sanderson* v. *Steve Snyder Enterprises, Inc.*, 196 Conn. 134, 142, 491 A.2d 389 (1985).

The defendant argues that the admitted testimony was harmful and prejudicial to him as unduly suggestive of his liability. Aside from this general claim of prejudice, however, nowhere in the defendant's brief or in the record is there any showing of specific harm to the defendant. See *State* v. *Boyd,* 178 Conn. 600, 604, 424 A.2d 279 (1979). Furthermore, upon a motion for articulation by the plaintiff, the trial court issued a memorandum of decision that stated that it "did not rely upon testimony regarding communication by the defendant to the plaintiff about [the] offers of settlement." The court stated: "Instead, [it] relied upon the evidence adduced in the case to the effect that the plaintiff was caused to suffer great pain and disability; was unable to attend to her studies at Yale University; that the seriousness of the injuries went unchallenged; that although the plaintiff's injuries did heal, she still suffers emotional trauma from the attack; must still consult with a psychiatrist and still experiences 'flashback' of the assault." In view of the court's statement that it did not rely on the inadmissible testimony relating to the defendant's offer of compromise to the plaintiff, we consider the error harmless.

The defendant next claims that the trial court erred in concluding that the plaintiff was entitled to damages for emotional injuries. Specifically, the defendant argues that the evidence presented at trial does not support a finding that the alleged assault caused the defendant to seek the treatment of a psychiatrist. The defendant supports this contention with the fact that the plaintiff did not call her treating psychiatrist to tes-

tify on the issue of whether the assault caused the plaintiff emotional injury and only presented her own testimony to show that the assault did in fact cause her emotional trauma.

In *LaBieniec* v. *Baker,* 11 Conn. App. 199, 204–206, 526 A.2d 1341 (1987), we held that expert testimony is "not required" in order to prevail on a claim for mental suffering. "A plaintiff may recover damages in a personal injury action for pain and suffering even when such pain and suffering is evidenced exclusively by the plaintiff's subjective complaints. *Hook* v. *Dubuque,* 153 Conn. 113, 115, 214 A.2d 376 (1965)." *Delott* v. *Roraback,* 179 Conn. 406, 409, 426 A.2d 791 (1980). " 'A plaintiff need only establish a claim for mental or emotional distress by a fair preponderance of the evidence.' *Buckley* v. *Lovallo,* 2 Conn. App. 579, 589, 481 A.2d 1286 (1984)." *LaBieniec* v. *Baker,* supra, 204. The defendant does not demonstrate that the plaintiff failed to meet this burden. " 'Our function is to decide whether the decision of the trial court was "clearly erroneous in view of the evidence and pleadings in the whole record"; Practice Book § [4061]; *Stelco Industries, Inc.* v. *Cohen,* 182 Conn. 561, 564, 438 A.2d 759 (1980); and "where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence . . . . ." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980).' " *Temple* v. *Meyer,* 208 Conn. 404, 407, 544 A.2d 629 (1988). Our careful review of the record indicates that the facts set out in the memorandum of decision are supported by the evidence. Weighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role. Id.

The defendant next claims that the damages awarded by the trial court were excessive. In awarding the plain-

tiff damages of $25,000, the trial court stated in its memorandum of decision that it considered the evidence presented on the plaintiff's physical and emotional injuries. The defendant claims that the plaintiff's medical expenses were covered by health insurance and, therefore, the damage award was excessive as a matter of law. Benefits received by a plaintiff from a collateral source, however, will not diminish the damages otherwise recoverable. *Gorham* v. *Farmington Motor Inn, Inc.*, 159 Conn. 576, 579, 271 A.2d 94 (1970).

In addition, the fact "[t]hat incurred medical expenses represent only a small percentage of the award for damages does not, ipso facto, invalidate the award. The award of damages for pain and suffering is peculiarly within the province of the trier, and will be sustained, even though generous, if it does not shock the sense of justice." *Manning* v. *Michael,* 188 Conn. 607, 616, 452 A.2d 1157 (1982). "Proper compensation cannot be computed by a mathematical formula, and there is no iron-clad rule for the assessment of damages." Id. With these principles in mind, we cannot conclude that the award was excessive. The trial court found that the plaintiff was attacked by the defendant, that the attack was intentional, and that it resulted in the infliction of severe physical and emotional injuries to the plaintiff. The record supports these conclusions. We therefore conclude that the record before us adequately supports the trial court's monetary award.

The defendant's final claim is that the trial court erred in failing to draw an adverse inference under *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598 (1960), when the plaintiff failed to call her psychiatrist to testify on her behalf. *Secondino* applies to situations in which a party has failed to produce a witness who was within his power to produce and who would naturally have been produced by him. Such a failure to produce permits an inference that the testimony

of that witness would have been unfavorable to the party's case. We decline to review this claim, however, as the defendant has failed to present an adequate record for review. The memorandum of decision does not reflect whether the trial court drew a negative inference. The defendant had the duty to invoke Practice Book § 4051 and request the trial court to articulate the basis of its decision more fully. It is the appellant's responsibility to secure an adequate appellate record, and we will not remand a case to correct a deficiency the appellant should have remedied. *Dixon* v. *Trubisz,* 17 Conn. App. 216, 218, 551 A.2d 1259 (1988).

There is no error.

In this opinion the other judges concurred.