[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT IN BOTH CASES
In the case of Stimpson v. Zolotas, the Motion to Set Aside the Verdict in favor of the defendant is denied; The only arguments advanced by counsel have to do with the credibility of witnesses regarding liability which is the sole province of the jury.
In the case of Zolotas v. Stimpson, the defendant, Stimpson, argues error in the Court's charge regarding the so-called "missing witness" rule. The plaintiff, Zolotas, claimed injury to his right forearm as a result of a blow by the defendant with a piece of wood. He claimed significant injuries as a result. He testified that his wife attended to his injury immediately following the incident and observed the extent of his injuries. Mr. Zolotas did not call his wife as a witness to testify as to the nature and extent of the injury to his arm. He did testify that she was available as a witness and was living at their home in Old Lyme.
The defendant filed a request to charge on the "missing witness" rule requesting the Court to charge the jury that it could draw an adverse inference from the fact that Mrs. Zolotas was not called as a witness to describe the plaintiff's injuries. Secondino v. New Haven Gas Co.,147 Conn. 672 (1960). Failure to produce a witness who was within a party's power to produce and would naturally have been produced by him merits an inference that the testimony of that witness would have been unfavorable to the party's case. Braun v. Edelstein, 17 Conn. App. 658, 663-664 (1989).
In this case, the plaintiff testified that his arm swelled up "to the size of his head" immediately following the incident which occurred at about 6 p. m. on April 24, 1988. He was attended to by his wife immediately thereafter at the time he stated the arm was swollen and she saw the swelling. At 8:42 p. m. that same date, he presented at the L M Hospital Emergency Room where he was diagnosed as having "poss/swelling on lateral/external aspect of rt forearm." On November 15, 1988, he was examined by Dr. William A. Wainwright and was found to have "extensor tendinitis." Neither the hospital nor the doctor reported seeing the extensive swelling described by the plaintiff to the jury.
Accordingly, the testimony of Mrs. Zolotas was CT Page 1550 highly significant to confirm or deny the extent of the visible injury to the plaintiff prior to his hospital visit. The Court now finds that its failure to charge as requested materially impacted on the issue of damages.
The Motion to Set Aside the Verdict is therefore granted as to the damages in the case of Zolotas v. Stimpson. The motion is denied as to liability which was not affected by the Court's failure to charge as requested.
HURLEY, J.