[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Pullman Comley for plaintiff.
Charles Krich for defendant.
MEMORANDUM OF DECISION
Plaintiff Bridgeport Hospital appeals a decision of the defendant Commission on Human Rights and Opportunities (CHRO), which found that the Hospital had unlawfully discriminated against defendant Susan Frederick in the terms and conditions of her employment and awarded Frederick damages. The CHRO acted pursuant to General Statutes §§46a-60 and 46a-86. This appeal is authorized by §§ 4-183.
Susan Frederick, an employee of the Hospital, filed a complaint with the CHRO on October 27, 1986, alleging that the Hospital had unlawfully fired her because of her mental condition, in violation of § 46a-60. Following an investigation and a finding of reasonable cause, the CHRO convened a hearing in the case on May 5, 1992, almost six years after the original complaint. On October 16, 1992, the CHRO's hearing officer rendered the agency's final decision in the case. The hearing officer found that the Hospital violated § 46a-60 by firing Frederick because of her mental condition, acute depression. Pursuant to § 46a-86, the CHRO awarded Frederick damages to be paid by the Hospital. At issue in this appeal are two items of damages: $5,000 for "pain, humiliation and emotional damages" and $5,433.75 for "legal fees and costs."
In view of the award of damages entered against the plaintiff Hospital, the court finds that the Hospital is aggrieved within the meaning of § 4-183. See Light Rigging Co. v. Department of PublicUtility Control, 219 Conn. 168 (1991).
Plaintiff Hospital raises three issues as the bases of its appeal: CT Page 11-A (1) that General Statutes § 46a-82a barred the CHRO from taking any further action on the complaint after July 1, 1992; (2) that § 46a-86 does not authorize the CHRO to award damages for mental injury or emotional distress in employment discrimination cases; and (3) that the statute does not authorize the CHRO to award legal fees and costs of litigation in such cases.
General Statutes § 46a-82a
This statute provides as follows:
 Any complaint filed pursuant to section 46a-82 and pending on January 1, 1990, shall be resolved not later than July 1, 1992, pursuant to sections 46a-82 to 46a-96, inclusive, of the general statutes, revision of 1958, revised to January 1, 1989.
It is undisputed that Frederick's complaint to the CHRO was filed pursuant to § 46a-82, was pending on January 1, 1990, and had not been "resolved" by the CHRO pursuant to the applicable statutes on July 1, 1992. The Hospital argues that, under these circumstances, the statute deprived the CHRO of further jurisdiction over the complaint after the cut-off date. Therefore, it argues, the CHRO's decision in the case in October 1992 was a nullity.
The Hospital offers no specific authority for its contention that the CHRO's failure to meet the case-flow deadline established by the legislature canceled the agency's jurisdiction over the complaint and, in effect, deprived the complainant of her right to obtain the benefits of the fair employment practices act. The plaintiff Hospital does cite many cases holding that the word "shall" must be interpreted as mandatory and that when the language of a statute is plain and unambiguous there is no room for statutory construction or resort to the legislative history. These principles, it argues, require the court to conclude that the CHRO had no further jurisdiction over the complaint after July 1, 1992.
By arguing that the statute is mandatory, the plaintiff seems to mean that if the CHRO failed to complete its investigation and decision-making process in a particular case by July 1, 1992, it either lost its statutory power and obligation to continue with that case or the complaint would be deemed to have been dismissed. This argument is not sustainable. There is nothing in the statute that even hints at such a summary disposal of complaints brought by victims of discrimination or such a radical evisceration of the agency's powers. CT Page 11-B
As noted, the plaintiff bases its argument on its interpretation of the statute as "mandatory." In this regard, the CHRO's citation of Statewide Grievance Committee v. Rozbicki, 219 Conn. 473,480-482 (1991), is particularly apt. There, the court held
 [I]n the interpretation of statutes the word "shall" may have a meaning that is directory rather than mandatory. Fidelity Trust Co. v. BVD Associates, 196 Conn. 270, 278, 492 A.2d 180
(1985). "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. International Brotherhood of Teamsters v. Shapiro, 138 Conn. 57, 68, 82 A.2d 345 (1951). If it is a matter of substance, the statutory provision is mandatory. State ex rel. Eastern Color Printing Co. v. Jenks, 150 Conn. 444, 451, 190 A.2d 591 (1963). If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. Winslow v. Zoning Board, 143 Conn. 381, 388, 122 A.2d 789 (1956). `Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply.' Broadriver, Inc. v. Stamford, 158 Conn. 522, 529, 265 A.2d 75 (1969)." Fidelity Trust Co. v. BVD Associates, supra, 278.
The CHRO also calls the court's attention to the legislative history of § 46a-82a. This is particularly valuable where, as here, the plain words of the statute do not disclose whether the legislature intended the provision in question to be mandatory or directory. The proceedings of the house of representatives, in particular the remarks of Representatives Coleman and Tulisano, the sponsors of the bill, clearly establish that the legislature intended the provision to be directory only. Its purpose was to direct the CHRO to process its pending cases expeditiously. With respect to its intended effect on complaints which lingered past the deadline, however, the legislators stated "[t]hey would still be pending within the CHRO" (Coleman) and "They don't die" (Tulisano). 32 H.R. Proc., Pt. 31, pp. 246-256.
Based on the authorities cited above and the legislative history, the court concludes that the provisions of § 46a-82a are directory only and have no effect on the viability of complaints that CT Page 11-C remained unresolved after July 1, 1992, nor do the provisions of that statute deprive the CHRO of jurisdiction to hear and render decisions on such complaints, as it did in this case. Accordingly, the plaintiff's appeal may not be sustained on the basis of that statute.
Damages for Emotional Distress
The plaintiff claims that the award of such damages is not authorized by the applicable statute, § 46a-86. The court has recently ruled on this precise issue in Silhouette Optical Limitedv. Commission on Human Rights and Opportunities, No. CV92 52 05 90 (Superior Court, Judicial District of Hartford/New Britain at Hartford, Jan. 27, 1994, Maloney, J.). In that case, this court held as follows:
 In its brief on the appeal to this court, the CHRO argues that such awards are authorized by subsection (a) of § 46a-86. That subsection provides that the CHRO, upon a finding of "any discriminatory practice," may issue an order requiring the employer "to take such affirmative action as in the judgment of the (CHRO) will effectuate the purpose of this chapter." The CHRO cites State v. CHRO, supra, in support of its expansive reading of this statute. The CHRO also cites "an unbroken string of [its administrative] decisions going back 14 years" in which it has awarded damages for emotional distress in employment discrimination cases, all based on its interpretation of subsection (a) of § 46a-86.
 It is a familiar rule that the court's review of administrative agency action is quite limited. The particular action under review here, the award of damages for emotional distress, was based on the agency's interpretation of statutes which it is indisputably charged with enforcing. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of [the] court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of Environmental Protection, 226 Conn. 358, 372 (1993). This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are two equally plausible interpretations of a statute the court must give due deference to the interpretation followed by the administrative agency concerned. Id., 376. CT Page 11-D
 In the present case, the court views the interpretation of § 46a-86(a) by the CHRO to be somewhat strained but not implausible. And the consistency with which the agency has followed that interpretation over the years in many cases is compelling. The court is, therefore, obliged to defer to that interpretation notwithstanding the plaintiff's strong contentions to the contrary. Accordingly, the court holds that an award of monetary damages to compensate a complainant for emotional distress resulting from unlawful discrimination in employment is authorized by subsection (a) of General Statutes § 46a-86.
In the present case, the CHRO makes essentially the same argument as it presented in Silhouette, and for the reasons noted in that case, this court holds that the statute authorizes the award of damages for emotional distress in employment discrimination cases.
The plaintiff Hospital also contends that the evidence was insufficient to support an award for emotional distress. In this regard, the plaintiff argues that the only evidence consisted of the complainant Frederick's testimony as to her feelings when she was terminated. The plaintiff further argues that a claim for damages for emotional distress, when made to the CHRO by a victim of employment discrimination, must be held to the same standards of proof as would control in a civil tort action. Specifically, the Hospital argues that the complainant in this case had to prove (1) that the Hospital intended to cause the emotional distress or knew or should have known that it was a likely result of terminating the complainant; (2) the Hospital's conduct was extreme or outrageous; (3) that the termination caused the emotional distress; and (4) that the emotional distress was severe; citingPetyan v. Ellis, 200 Conn. 243 (1986).
The scope of the court's review of an administrative agency's findings of fact is extremely limited. "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . ." Conn. Light Power Co. v. DPUC, 216 Conn. 627, 639 (1990). In determining whether an administrative finding is supported by substantial evidence, the reviewing court must defer to the agency's assessment of the credibility of witnesses, and the agency's CT Page 11-E right to believe or disbelieve the evidence presented by any witness in whole or in part. Connecticut Building Wrecking Co. v.Carothers, 218 Conn. 580, 593 (1991). The court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." General Statutes § 4-183(j)Lieberman v. Board of Labor Relations, 216 Conn. 253, 261-62
(1990).
Connecticut tort law is clear that expert testimony is not necessary to establish mental or emotional distress or its causation.Braun v. Edelstein, 17 Conn. App. 658, 662 (1989). Evidence of incurred medical expense is also not necessary to establish that an individual suffered the infliction of mental or emotional distress for which compensation may be awarded. The testimony of the victim alone is sufficient. Berry v. Loiseau, 223 Conn. 786, 811
(1992).
Based on the principles of administrative and tort law summarized above, the court concludes that there was substantial evidence to support the CHRO's award of damages to Frederick as compensation for the emotional distress resulting from the termination of her employment with the plaintiff Hospital. This is so even if the rule of Petyan v. Ellis, supra, is applicable to claims made under the human rights and opportunities statutes. The fact that the plaintiff Hospital knew of the severity of Frederick's mental condition was sufficient to support a finding by the CHRO that the Hospital knew or should have known that its termination of her employment would likely cause her mental distress. Similarly, that fact and Frederick's testimony were sufficient to establish the other elements of the rule.
For all of the reasons set forth above, the court holds that the CHRO did not err in its award of damages for emotional distress.
Attorney's Fees and Costs
In Silhouette Optical Limited v. CHRO, et al., supra, this court also ruled on the issues raised by the Hospital's appeal of the award of attorney's fees and costs. In that case, this court held that general principles of statutory construction lead to the conclusion that such damages are not authorized by subsection (c) of General Statutes § 46a-86 in employment discrimination cases. The basis of the court's conclusion was that the list of cases qualifying for such awards, in that subsection, is exclusive and does not include employment discrimination cases. The court further CT Page 11-F held that subsection (a) of § 46a-86 does not authorize the award of attorney's fees in employment discrimination cases because subsection (c) has, in effect, preempted that subject.
For the reasons set forth in the Silhouette case, as summarized above, the court holds that the law does not authorize the award of attorney's fees and costs in this case.
The plaintiff Hospital's appeal is sustained with respect to the CHRO's award of attorney's fees and costs; the appeal is dismissed with respect to the award of damages for Frederick's emotional distress. This decision is rendered in accordance with General Statutes § 4-183(j) and (k). The case is remanded to the CHRO with instructions to modify its decision in accordance with the court's decision. No costs are awarded to any of the parties.
Maloney, J.