[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Raymond P. Pech for plaintiff.
Donald A. Gray for defendant.
On March 6, 1993, the plaintiff, the Commission on Human Rights Opportunities ("CHRO"), filed this administrative appeal from the decision of the CHRO's presiding officer on a discrimination complaint brought against the defendant, Truelove and Maclean, Inc. On April 13, 1993, the defendant filed an answer and special defense to the plaintiff's complaint. The plaintiff filed a return of record with the court on July 1, 1993. On or about April 12, 1994, the court, Pellegrino, J., sent a notice of a motion and order that the appeal would be dismissed on June 24, 1994 pursuant to Practice Book § 251 unless it was withdrawn, disposed of by final judgment, claimed to the trial list, or exempted for good cause. On May 19, 1994, the plaintiff filed a motion to transfer the case to the Superior Court of Hartford-New Britain, which the court, Sullivan, J. denied. On June 15, 1994, the plaintiff claimed the case to the trial list.
On June 20, 1994, the defendant moved to strike the appeal from the trial list, to dismiss the appeal for lack of due diligence based on Practice Book §§ 257 and 251, and to dismiss the appeal pursuant to Practice Book § 145 for lack of subject matter jurisdiction based on General Statutes § 46a-82a. The plaintiff has neither filed any responsive pleading or attended the hearing at short calendar on the present motion.
The defendant moves to dismiss the appeal pursuant to Practice Book § 145, based on lack of subject matter jurisdiction. "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made. Gurliacci v. Mayer,218 Conn. 531, 544-45, 490 A.2d 509 (1991).
The defendant argues that the complaint was not resolved CT Page 6828 before the CHRO presiding officer in accordance with the deadlines provided in the Connecticut General Statutes § 46a-82a, and therefore, the untimely resolution of the complaint operates as an absolute bar to the plaintiff's appeal. Connecticut General Statutes § 46a-82a dictates that "[a]ny complaint filed pursuant to section § 46a-82 [concerning complaints before CHRO] and pending on January 1, 1990, shall be resolved not later than July 1, 1992, pursuant to sections 46a-82 to 46a-96 inclusive of the Connecticut General Statutes, revision of 1958, revised to January 1, 1989."
The defendant has offered no case law indicating that General Statutes § 46a-82a operates to deprive the Superior Court of jurisdiction to hear an appeal of a CHRO complaint. On the contrary, the provisions of 46a-82a are directory only and have no effect on the viability of the complaints that remained unresolved after July 1, 1992, nor do the provisions of the statute deprive the CHRO of jurisdiction to hear and render decisions on such complaints.Bridgeport Hospital v. Commission on Human RightsOpportunities, 9 CSCR 213, 214 (January 31, 1994, Maloney, J.).
Accordingly, this court finds that Connecticut General Statutes § 46a-82a is directory and does not affect the court's subject matter jurisdiction over this appeal. Therefore, the motion to dismiss based on this ground is denied.
The defendant also moves to dismiss and strike the case from the trial list under Connecticut Practice Book §§ 251 and 257, which was revised in March, 1994. The previous version of Practice Book § 257(a), which was in effect at the time that this appeal was filed and at all other times relevant to this motion, provided that "the plaintiff shall file its brief within 30 days after the filing of the defendant's answer and return of the record," both of which were filed on April 13, 1993, and July 1, 1993, respectively. The plaintiff has not yet filed its brief. Under the previous version of Practice Book § 257, "[i]f a party shall fail timely to return the record or to file an answer or a brief required by this paragraph, the court may dismiss the appeal pursuant to Sec. 251, or may nonsuit or default the offending party pursuant to Sec. 363." This rule remains substantially in effect in the current version of Connecticut Practice Book § 257.
The plaintiff failed to comply with the deadlines provided by the previous version of Practice Book § 257, which was in effect on the date when the plaintiff's brief should have been filed. CT Page 6829 Accordingly, the court dismisses the plaintiff's appeal pursuant to Connecticut Practice Book §§ 257 and 251, since over one year has passed since the Return of Record was filed in this matter on July 1, 1993 and the plaintiff has failed to file its brief.
Judgment may enter accordingly.
SULLIVAN, JUDGE.