STATE OF CONNECTICUT *v.* HARRY MOSS
(10688)

PETERS, HEALEY, SHEA, GRILLO and COVELLO, JS.

Argued November 5, 1982—decision released March 1, 1983

*Robert J. Sweeney,* assistant public defender, with whom, on the brief, was *Jerrold H. Barnett,* public defender, for the appellant (defendant).

*Lawrence J. Tytla,* special deputy assistant state's attorney, with whom were *Carl Schuman* and, on the brief, *Robert G. Hall,* assistant state's attorneys, for the appellee (state).

COVELLO, J. This appeal is taken from the judgment rendered following a jury trial at which the defendant was convicted of the crimes of burglary in the third degree, in violation of General Statutes § 53a-103, and larceny in the third degree, in violation of General Statutes § 53a-124. The defendant has appealed his convictions alleging that the trial court erred in its instructions to the jury on the matter of proof beyond a reasonable doubt.

There was neither a request to charge made by the defendant nor exception taken by him to the charge as delivered.

The jury might reasonably have found that on June 23, 1979, at 4:45 a.m., Norwalk police officers responded to a radio call concerning the activation of a burglar alarm at the office of Space Age Printing and Graphics. When the officers arrived, they observed an unlighted automobile containing three individuals emerging from the Space Age driveway. After stopping the vehicle, the officers ascertained that the defendant was the driver. One officer observed an adding machine on the floor of the car. Following the arrests of the occupants, a search of the vehicle disclosed the adding machine, a calculator in the backseat and a typewriter in the trunk. At trial, the owner of Space Age Printing and Graphics testified that this equipment belonged to his business, that it had been removed in June, 1979, and that its value was in excess of $50.

The defendant claims that the court's instructions to the jury violated his constitutional right to have his guilt established beyond a reasonable doubt pursuant to precepts articulated in *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), and *State* v. *Smith*, 183 Conn. 17, 27–28, 438 A.2d 1165 (1981). We do not agree and find no error.

Ordinarily this court would refuse to review claimed error in the charge where no written request to charge or exception to the charge was taken below. Practice Book §§ 315, 3063. Since the allegation is that the litigant was clearly deprived of a fundamental constitutional right and a fair trial, we will review the claimed error as an "excep-

tional circumstance" under the holding of *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973), "not to ascertain whether the ruling or instruction was undesirable, erroneous, or even universally condemned but rather whether when reviewed in the context of the entire trial it violated some right guaranteed to the defendant by the fourteenth amendment to the constitution of the United States; *Cupp* v. *Naughten,* 414 U.S. 141, 146, 94 S. Ct. 396, 38 L. Ed. 2d 368 (1973); or article first, § 8 of the constitution of Connecticut." *State* v. *Kurvin,* 186 Conn. 555, 565, 442 A.2d 1327 (1982).

The court defined the state's burden of proof beyond a reasonable doubt as follows: "Now, what is reasonable doubt? What is this burden that the state has? We come to a phrase that is difficult to define. What judges do is define it by eliminating, by saying what it is not and hoping that what is left you can understand to be a reasonable doubt. I will say first of all a reasonable doubt based merely knowledgeably used [sic] is a doubt for which you can give a reason. Therefore it is not a surmise; it is not a guess; it is not the doubt which is one of hesitancy arising from compassion for the defendant or for the victim or for somebody else; it is not one of hesitancy that might arise from the natural human reluctance to make a decision. It must be based on reason. It cannot—and if you cannot attribute a reason for it then you ought to consider it is not a reasonable doubt. In other words, if it's just hesitancy, just surmise, just a guess, that is not a reasonable doubt. A reasonable doubt is based upon reason and it is a doubt which grows out of the evidence or lack of evidence in the case. A reasonable doubt is one that is reasonable in the light of all of the evidence and one that

is honestly entertained after a thorough evaluation and careful examination of all the evidence in the case. It differs from the standard that we apply in civil cases."

The defendant argues that this language fails to include "important affirmative language instructing the jury that . . . the proof must exclude every reasonable presumption or hypothesis of innocence and that a conclusion of guilt cannot be reached where the facts established are rationally consistent with the innocence of the accused." While this legal tenet may not be evident in that portion of the charge set forth by the defendant, in its immediately preceding instructions, the court stated: "another aspect of the presumption of innocence is that *if any bit of evidence is capable of two interpretations, one of which is consistent with the innocence of the defendant and the other perhaps consistent with the guilt of the defendant you must give it the interpretation that is consistent with the innocence of the defendant.* The presumption of innocence, however, does not have the effect of evidence itself. The only effect it has, as I indicated, are (sic) these of *putting the burden upon the State of proving the defendant guilty beyond a reasonable doubt and requiring you if a bit of evidence is capable of two interpretations of giving it the interpretation consistent with the innocence of the defendant."* (Emphasis added.) This instruction substantially embodies the content of the legal proposition claimed by the defendant and we find no merit in the claimed deficiency in the charge. "A charge to the jury is not to be 'critically dissected' nor are individual instructions to be judged in 'artificial isolation' from the overall charge. *State* v. *Reed,* 174 Conn. 287, 305, 386 A.2d

243 (1978). The issue is whether, in view of the charge read as a whole, that portion of the charge to which objection has been taken can be considered a basis for finding harmful error." *State* v. *Derrico,* 181 Conn. 151, 171, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789, 66 L. Ed. 2d 607 (1980).

The defendant next argues that the court failed to explain adequately in affirmative terms what is meant by reasonable doubt. This is simply not the case. Examination of the allegedly deficient language discloses that in addition to stating what reasonable doubt is not, the court affirmatively stated: (1) "reasonable doubt . . . is a doubt for which you can give a reason"; (2) "a reasonable doubt is based upon reason and it is a doubt which grows out of the evidence or lack of evidence in the case"; and (3) "a reasonable doubt is one that is reasonable in the light of all of the evidence and one that is honestly entertained after a thorough evaluation and careful examination of all the evidence in the case." We have on numerous occasions affirmed the use of similar language in defining proof beyond a reasonable doubt. See *State* v. *Derrico,* supra; *State* v. *Holley,* 174 Conn. 22, 28, 381 A.2d 539 (1977); *State* v. *Hall,* 165 Conn. 599, 603, 345 A.2d 17 (1973); *State* v. *Reid,* 154 Conn. 37, 40, 221 A.2d 258 (1966); *State* v. *Foord,* 142 Conn. 285, 295, 113 A.2d 591 (1955).

In another portion of the charge, the court instructed: "In civil cases, you will recall probably because other judges use it as an analogy or as an example—justice as a statue is often depicted as a female goddess blindfolded. The blindfold is because justice is impartial, unbiased, and she holds in her hand, this goddess, a balance scale. In civil cases where one party is suing another party and

looking for money damages, the burden upon the party wishing to establish a fact is to shift that balance out of equipoise so that you may say it is more likely than not that what the fact that the party wishes to establish is so, a shifting out of equipoise.

"The burden in a criminal case where a person is charged with violating a statute and faces a penalty if found guilty is greater. The state must shift that burden substantially out of the equipoise status so that you may say that I am convinced he is guilty beyond a reasonable doubt."

As his final argument, the defendant claims that the court's reference to the blindfolded statue of justice and the shifting of the burden substantially out of the equipoise status has impermissibly intermingled the civil and criminal standards of proof in such a way that the criminal standard was substantially diminished in the eyes of the jury.

The use of a balance scale analogy, while undesirable, is not inherently misleading. The danger is that the jury will become confused as to the proper burden of proof standard and will apply a preponderance of the evidence standard or something less than proof beyond a reasonable doubt of every fact necessary to constitute the crime. *United States* v. *Clay,* 476 F.2d 1211, 1214–15 (9th Cir. 1973).

In *State* v. *Smith,* supra, 27–28, we reviewed the court's jury instruction that " 'if the evidence is in equipoise or equal, the State has not sustained its burden, and in that case, you would find the defendant not guilty. For the state to prevail, you must find the scales tipped beyond a reasonable doubt.' " We held, after consideration of the

charge as a whole, that "the jury could have found the defendant guilty if they believed beyond a reasonable doubt that the 'scale' had been *tipped* in favor of conviction. This is not the same as the constitutionally mandated standard of proof beyond a reasonable doubt." We concluded that the jury could have been misled by this analogy to the tipping of a scale and, therefore, found error.

The present instruction contains no such ambiguity. There is no reference to tipping the scales of justice beyond a reasonable doubt. The charge makes it clear that the level of proof must shift substantially out of equipoise in order to support a finding of guilt beyond a reasonable doubt. The instruction leaves no question that the state's burden is different—that the state's burden is greater. The balance scale analogy comes immediately after a full and correct instruction on reasonable doubt.

"As we have often stated, the test to be applied to any part of a charge is whether the charge as a whole presents the case to the jury so that no injustice will be done." *State* v. *Derrico,* supra, 170. Considering this charge in its entirety, there is no reason to conclude that the jury was misled, that it applied a lesser standard in weighing the burden of proof required of the state, or that other injustice has occurred.

There is no error.

In this opinion the other judges concurred.