STATE OF CONNECTICUT *v.* LAWRENCE A. TAYLOR
(11142)

PARSKEY, SHEA, SANTANIELLO, BRENNAN and SPADA, Js.

Argued February 13—decision released May 14, 1985

*Peter B. Hance,* legal intern, with whom were *Michael R. Sheldon* and *Todd D. Fernow,* for the appellant (defendant).

*Donald A. Browne,* state's attorney, for the appellee (state).

SANTANIELLO, J. The defendant, Lawrence A. Taylor, was charged by substitute information with one count each of burglary in the first degree, General Statutes §§ 53a-101 (a) (1) and 53a-8,[1] and larceny in the first degree, General Statutes §§ 53a-119 and

---

[1] General Statutes § 53a-101 provides in part: "BURGLARY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to

53a-122 (a) (2).[2] He was convicted by a jury of six at a trial before *Callahan, J.* On appeal the defendant claims the trial court erred (1) in denying his motion to set aside the verdict and (2) in failing properly to instruct the jury. We find no error.

From the evidence presented at trial the jury could have reasonably found the following facts: On the morning of May 24, 1979, two black males entered the Trumbull home of Joan and Bill Melhorn. At the time, only the Melhorns' daughter, Susan, was in the house, although Joan Melhorn arrived shortly thereafter. The two men, one of whom was later identified as the defendant, took a number of items from the home, and, in addition, ordered Mrs. Melhorn to turn over her pocketbook and several pieces of jewelry she was wearing.

Although Mrs. Melhorn and her daughter spent much of the time during the robbery lying face down on the floor, both women did have the opportunity to view each man for several minutes while leading them to valuables located in various rooms within the house. Approximately three months after the incident both women separately selected the defendant's picture out

commit a crime therein and: (1) He is armed with explosives or a deadly weapon or dangerous instrument . . . ."

General Statutes § 53a-8 provides: "CRIMINAL LIABILITY FOR ACTS OF ANOTHER. A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, inportunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[2] General Statutes § 53a-119 provides in part: "LARCENY DEFINED. A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

General Statutes (Rev. to 1979) § 53a-122 provides in part: "LARCENY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of larceny in the first degree when . . . (2) the value of the property or service exceeds two thousand dollars."

of a photo array shown to them by the police. These identifications led to a search of the defendant's apartment, and his subsequent arrest for burglary and larceny. After the jury returned a finding of guilty, the defendant filed a motion to set aside the verdict.[3]

## I

The defendant assigns, as his first claim of error, the trial court's denial of this motion. By substitute information the state charged the defendant with "larceny of the personal property of one Joan Melhorn . . . . " The state is required to prove, as an element of first degree larceny, that "the value of the property or service [taken] exceeds two thousand dollars." General Statutes (Rev. to 1979) § 53a-122 (a) (2). It is the defendant's contention that, based on the information and applicable statutes, the state must prove the property taken from Joan Melhorn in particular was worth over $2000. He claims that because the state introduced only a modicum of evidence as to the total value of the stolen property, and wholly failed to distinguish between the value of property owned by Mrs. Melhorn and the remainder of the items taken, which may have belonged to other members of the family, there was no evidence presented that the property taken from Mrs. Melhorn exceeded $2000.

According to the evidence the following items were taken from the Melhorn home: a wrist watch, an amethyst pendant, a bracelet, a portion of a sterling silver tea service, a portion of a set of silver flatware, a movie camera, a pair of binoculars, several guns, a television set, and approximately fifty dollars in cash. In addition, Mrs. Melhorn's pocketbook, opal ring, engagement ring, and wedding band were taken from her shortly after she arrived home. At trial, Mrs. Melhorn

---

[3] Practice Book § 902 currently replaces the motion to set aside a verdict with a motion for a new trial.

stated that she had determined the value of the lost property to be $16,000. She further testified that she received $3962 in insurance compensation, which represented the depreciated value of the items stolen, excluding the silver, which was replaced in kind. The defendant claims that because the state failed to prorate the $3962 figure between Mrs. Melhorn's property, and property owned by the other family members, it presented no evidence on which the jury could have concluded that Mrs. Melhorn's property was worth over $2000. We disagree.

In a prosecution for larceny, "value means the market value of the property . . . at the time and place of the crime or, if such cannot be satisfactorily ascertained, the cost of replacement of the property or services within a reasonable time after the crime. . . ." General Statutes § 53a-121 (a) (1); see *State* v. *Cochran,* 191 Conn. 180, 190, 463 A.2d 618 (1983); *State* v. *Scielzo,* 190 Conn. 191, 201–202, 460 A.2d 951 (1983). The victim's opinion as to the value of the property stolen was properly put before the jury; see *State* v. *Gabriel,* 192 Conn. 405, 424, 473 A.2d 300 (1984); *State* v. *Baker,* 182 Conn. 52, 60–61, 437 A.2d 843 (1980); as was the evidence submitted of insurance proceeds received. See *United States* v. *Ricketson,* 498 F.2d 367, 373 (7th Cir. 1974); *State* v. *Gyuro,* 156 Conn. 391, 398, 242 A.2d 734, cert. denied, 393 U.S. 937, 89 S. Ct. 301, 21 L. Ed. 2d 274 (1968); *State* v. *White,* 37 Conn. Sup. 796, 800, 437 A.2d 145 (1981). The victim's actual ownership of the property, in the technical sense, need not be proven. All that must be shown is that the owner "has a right to possession superior to that of [the] taker, obtainer or withholder. . . ." General Statutes § 53a-118 (a) (5).

Mrs. Melhorn was, in fact, the actual owner of several of the stolen items, including the wrist watch, amethyst pendant, bracelet, opal ring, engagement ring,

and wedding band. As to the other items taken, including the family silver, a movie camera, binoculars, guns, a television set, and cash, Mrs. Melhorn, although not the actual owner, was in lawful possession of the property and held a possessory right obviously greater than that of the defendant. From the evidence presented at trial, the jury could reasonably have concluded that the value of Mrs. Melhorn's property exceeded $2000. There is no error in the trial court's denial of the defendant's motion to set aside the verdict.

## II

The defendant submits several claims of error with regard to the jury instructions, none of which was properly preserved at trial. While the failure to take exception to claimed trial errors ordinarily precludes appellate review, we will consider the newly raised claims in this instance under the doctrine of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

The defendant first argues that the trial court erred in failing to instruct the jury on the constituent elements of the term "value," as contained in General Statutes § 53a-122 (a) (2). As we previously noted, in considering the value element of larceny, the jury must apply the market value at the time of the crime. General Statutes § 53a-121 (a) (1). The defendant contends that because the trial judge failed to instruct the jury on the use of this criterion, there exists a reasonable possibility the jury used some other method to determine the value of the items stolen, thus denying the defendant the constitutional right to have the jury find each essential element of the crime charged beyond a reasonable doubt.

Value constitutes a specific element of the crime of larceny. *State* v. *Cochran,* supra, 190. It is therefore incumbent on a trial judge to provide the jury with the correct statutory definition. However, "an erroneous

instruction that has, nevertheless, not affected the result is not reversible error." (Citations omitted.) *State v. Tinsley,* 181 Conn. 388, 405, 435 A.2d 1002 (1980), cert. denied, 449 U.S. 1086, 101 S. Ct. 874, 66 L. Ed. 2d 811 (1981) (*Healey, J.,* concurring in part).

In the present case the jury heard evidence that the value of the property when stolen, excluding the silver, was $3962. In addition, Mrs. Melhorn testified that the property, including the silver, was worth $16,000, although is is unclear what type of value she ascribed to it. In any event, regardless of whether the jury relied on one or both figures to reach its conclusions as to value, it could easily have determined that the market value of the property stolen exceeded $2000 at the time of the crime.

The defendant next claims that the trial court failed to instruct the jury that in determining the value element of larceny, it could consider only the property owned by Mrs. Melhorn. In view of our conclusion in the first part of this opinion, that Mrs. Melhorn had lawful possession of all the property stolen, the court acted properly in not giving such an instruction.

Finally, the defendant argues that the court deprived him of his right to a fair trial by stating its opinion to the jury as to the sufficiency of the evidence on certain elements of the burglary and larceny charges. In evaluating this claim we will review the individual instructions as a part of the overall charge. *State v. Baker,* supra, 65. " 'A charge to the jury is not to be "critically dissected" nor are individual instructions to be judged in "artificial isolation" from the overall charge. *State v. Reed,* 174 Conn. 287, 305, 386 A.2d 243 (1978). The issue is whether, in view of the charge read as a whole, that portion of the charge to which objection has been taken can be considered a basis for finding harmful error.' *State v. Derrico,* 181 Conn. 151,

171, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789, 66 L. Ed. 2d 607 (1980)." *State* v. *Moss,* 189 Conn. 364, 368, 456 A.2d 274 (1983).

The trial court may, in its discretion, make reasonable comments on the evidence. *State* v. *Schoenbneelt,* 171 Conn. 119, 124, 368 A.2d 117 (1976). Such comments, however, must not advise the jury on how to decide the case; *State* v. *Storlazzi,* 191 Conn. 453, 465, 464 A.2d 829 (1983); but may merely give the jury a fair presentation of the issues. See *State* v. *Schoenbneelt,* supra, 124.

In the present case, the trial court emphasized on a number of occasions that it was within the jury's province to find the facts. In addition, the court twice explained to the jury the state's burden to prove each element of the charged offenses beyond a reasonable doubt. Although the court commented on the evidence in such a way that it focused the jury's attention on the issue of identity, it did so because identity was the only factual issue contested at trial. See *State* v. *Dolphin,* 195 Conn. 444, 450, 488 A.2d 812 (1985). "A court's charge is not to be examined in a vacuum . . . [but] is to be viewed in the context of the factual issues raised at the trial." *State* v. *Kurvin,* 186 Conn. 555, 558, 442 A.2d 1327 (1982). Since the defendant presented no evidence to refute the state's evidence on any of the other elements of the crimes charged, we are unable to conclude that the trial court's instructions to the jury on these elements were erroneous.

There is no error.

In this opinion the other judges concurred.