STATE OF CONNECTICUT *v.* DARRYL MITCHELL
(3532)

DUPONT, C. J., HULL and DALY, Js.

Argued April 29—decision released August 26, 1986

*Philip L. Steele,* with whom, on the brief, was *Richard I. Cohen,* for the appellant (defendant).

*Harry Weller,* special assistant state's attorney, with whom, on the brief, were *James G. Clark,* deputy assistant state's attorney, and *Diane E. Leeds,* for the appellee (state).

DALY, J. The defendant was convicted by a jury of one count of harassment in violation of General Statutes § 53a-183. From the judgment of conviction, the

defendant has appealed claiming that the trial court erred (1) in making certain evidentiary rulings, (2) in failing to issue a capias, and (3) in engaging in judicial misconduct.

From the evidence adduced at trial, the jury could reasonably have found the following facts. On October 21, 1983, at about 11:40 p.m., the complainant, Richard Shattuck, answered his telephone whereupon the caller asked to speak with the complainant's daughter, Dana Shattuck. The complainant informed the caller, who gave his name and whose voice was familiar to the complainant, that none of his children was permitted to receive telephone calls after 9 p.m. The caller responded with obscenities. A second phone call was received by the complainant's wife shortly thereafter, the same evening.[1] A third telephone call was received by the complainant on April 18, 1984.

The complainant's daughter had been in the company of the defendant earlier in the evening on October 21, 1983, but had departed for home before the telephone calls were made. The defendant maintained that he did not make the phone calls and had been with two companions at a gas station during the period of time in which they occurred. This appeal followed the conviction.

The defendant claimed that the trial court erred as follows: (1) in not permitting the complainant's statement to the police to be admitted as a full exhibit; (2) in permitting a defense witness to testify only under special conditions;[2] (3) in restricting cross-examination of a detective; (4) in excluding the testimony of a deputy

---

[1] The second telephone call was the basis of the second count of harassment which was dismissed by the trial court at the conclusion of the state's case.

[2] This claim of error is not reviewed because no objection was taken or exception made to the introduction of the testimony. Practice Book § 288.

sheriff; (5) in denying the issuance of a capias for the complainant's daughter; (6) in sustaining the objection to questions posed to a defense witness on direct examination pertaining to that witness' impartiality; (7) in engaging in judicial misconduct involving jury instructions, certain comments made on the evidence, and a restriction placed on the defendant's closing argument; and (8) in admitting into evidence the third telephone call.

The defendant sought to have the complainant's statement to the police officer admitted into evidence as an inconsistent statement because certain obscenities were omitted from the report along with the failure to mention that the complainant actually recognized the caller's voice as being that of the defendant. The trial court declined to admit the report into evidence as a full exhibit, finding that the report was not an inconsistent statement. The state's sole ground for objecting to the admission of the report, and one of the grounds upon which the court relied in sustaining the objection, was that it was not inconsistent with the testimony of the complainant. "While it is clearly proper to attack a witness' credibility by evidence of his materially inconsistent statements . . . this can only be done if the court is satisfied that the prior statements are in fact inconsistent. . . . In the present case, the evidence sought constituted not a statement inconsistent with testimony given on direct examination, but rather an omission, a failure to state certain facts at a prior time." *State* v. *Reed,* 174 Conn. 287, 303, 386 A.2d 243 (1978). "If a former statement fails to mention a material fact presently testified to, which it should have been natural to mention in the prior statement, the prior statement is sufficiently inconsistent." *State* v. *Chesney,* 166 Conn. 630, 636, 353 A.2d 783 (1974); Holden & Daly, Connecticut Evidence § 125 (d) (1).

The omissions in the police report did not constitute an inconsistency with the trial testimony of the witness. Because the defendant had identified himself, there would be no need to state in the report that the complainant recognized the voice. Furthermore, the recital of the obscenities could be deemed repugnant and distasteful to relate in detail.

Even if we assume that the complainant's statement was inconsistent with his testimony at trial, where "the witness' attention was called to his prior inconsistent statement, and where he admitted making the statement, his credibility had already been called into question and there was no need for further proof of inconsistency. The trial court is vested with liberal discretion as to how such an inquiry should be conducted . . . ." *G & R Tire Distributors, Inc.* v. *Allstate Ins. Co.,* 177 Conn. 58, 61, 411 A.2d 31 (1979). We find that there was no error in excluding the report.

In the corridor, immediately prior to trial, Roy Bradrick, a police detective who had interviewed certain witnesses as part of his investigation of the case, refused to speak with defense counsel. On cross-examination, the defendant attempted to pursue this alleged refusal to cooperate in order to demonstrate the bias of Bradrick as a witness. The court found that Bradrick was not biased in any way and that his refusal to speak prior to trial did not demonstrate either a lack of cooperation or prejudice to the defendant.

In support of his claim that the court erred in limiting his cross-examination, the defendant relies on *State* v. *Haskins,* 188 Conn. 432, 450 A.2d 828 (1982), where the court indicated that a "mere refusal of a witness to speak to an investigator for one side of a controversy, by itself, is equivocal, but when coupled with a willingness to cooperate with the other side it is quite another matter." Id., 454. The trial court in *Haskins* further

held: "Partiality of mind whether arising out of favoritism for one side or hostility toward the other is a proper subject of inquiry on cross-examination. . . . Such partiality may be shown not only by direct evidence but also indirectly by conduct or language. . . . But when partiality is claimed circumstantially the inference must be one that can be fairly drawn from the circumstances." Id. The circumstances of this case fail to come within the purview of *Haskins* nor do they permit an inference of fixed hostility or sympathy for one party or the other. We therefore conclude that the court did not err in its restriction of the cross-examination of the witness.

The trial court properly refused to allow deputy sheriff Gregory Nesta to testify concerning his inability to serve process on the complainant's wife and about her reluctance to testify. The trial court can exercise a broad discretion in its rulings on the relevancy of evidence. Holden & Daly, Connecticut Evidence § 67 (c), p. 214. The complainant's wife was privy only to the second telephone call and her testimony would only have been relevant to the second count which was dismissed.

The defendant claimed that the trial court erred in failing to issue a capias for the complainant's daughter, Dana, for refusing to obey a subpoena. The defendant argues that had the capias been issued, the daughter's testimony would have contributed significantly to his alibi defense, in particular that her presence at the gas station overlapped that of the defendant. This testimony, however, would have been cumulative of other testimony presented and, therefore, was not sufficiently material to require the court to issue a capias.

"If one is not warranted in refusing to honor a subpoena and it is clear to the court that his absence will cause a miscarriage of justice, the court should issue a

capias to compel attendance. General Statutes § 52-143 does not, however, make it mandatory for the court to issue a capias when a witness under subpoena fails to appear; issuance of a capias is in the discretion of the court . . . [which] has the authority to decline to issue a capias when the circumstances do not justify or require it. . . . Judicial discretion is always a legal discretion, exercised according to the recognized principles of equity." *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709 (1972); see *State* v. *Burrows,* 5 Conn. App. 556, 558–59, 500 A.2d 970 (1985), cert. denied, 199 Conn. 806, 508 A.2d 33 (1986). " ' "[T]he action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." ' " *Yanow* v. *Teal Industries, Inc.,* 196 Conn. 579, 583, 494 A.2d 573 (1985).

This court reviews the action of the trial court only as to whether that action cannot be supported in reason. The court did not, therefore, abuse its discretion in not issuing a capias for the complainant's daughter under the particular circumstances of this case.

The defendant claims that he should have been permitted to establish the impartiality of a defense witness on direct examination in anticipation of potentially damaging impeachment evidence which might be elicited on cross-examination. The sole question asked of the witness on this subject was whether his friendship with the defendant would influence his testimony. The court sustained the state's objection to the question. The defendant obviously asked the question on direct examination, as a "trial tactic in order to anticipate potentially damaging impeachment evidence on cross-examination. 'Such tactical maneuvering is permissible within the trial court's discretion.' Tait &

LaPlante, Connecticut Evidence (1985 Sup.) § 7.18, p. 74." *State* v. *Cox,* 7 Conn. App. 377, 388, 509 A.2d 36 (1986). Since the court had discretion to allow or disallow the question, there was no error.

The defendant makes a variety of claims that the trial court engaged in judicial misconduct. The defendant contends that the trial court restricted his closing argument to the jury. The defendant never requested that his closing argument be recorded and, therefore, the appellate record before us, which is the appellant's responsibility to provide, is insufficient for us to undertake a proper review of the claims on appeal. *Bieluch* v. *Bieluch,* 199 Conn. 550, 552, 509 A.2d 8 (1986); *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983). "The defendant must have realized that the closing arguments were not being recorded and must be deemed to have assented to that procedure. We have frequently refused to consider claims of improper argument where the remarks of counsel have not been transcribed and could not be reconstructed." *State* v. *Vitale,* 190 Conn. 219, 226, 460 A.2d 961 (1983).

The defendant claims that the trial court made certain statements to the jury which were prejudicial to the defendant and exceeded proper standards of conduct during trial. We need not address the substance of these claims because the defendant did not object or take exception to these statements during trial. The issue is, therefore, not properly preserved for appellate review.

The defendant further claims that the trial court abused its discretion by failing to inform the jury in a timely manner that the second count had been dismissed at the completion of the state's case. The defendant argues that when the second charge was dismissed, the trial court should then have informed the jury and

not postponed mentioning the dismissal until the defendant's closing argument. "This issue was never presented to the trial court by either a request to charge or by an exception taken to the charge as given. Appellate review on this nonconstitutional issue is, therefore, precluded." *State* v. *Morgan,* 179 Conn. 617, 619–20, 427 A.2d 429 (1980).

The defendant's next claim alleges judicial misconduct in the trial court's instruction to the jury regarding the friendship between the defense witness Richard Gordon and the defendant. It is within the trial court's discretion to make "fair comment on the evidence and particularly on the credibility of witnesses." *State* v. *Stepney,* 191 Conn. 233, 248, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984), quoting *State* v. *Cari,* 163 Conn. 174, 182, 303 A.2d 7 (1972). "[W]e have also declared that an instruction on the credibility of alibi witnesses similar to that challenged by this assignment of error is both proper and fair when weighed in the light of the other paragraphs of the charge." *State* v. *Cari,* supra. We find no error in the trial court's jury instruction on the friendship issue.

The defendant further claims that the trial court abused its discretion in attributing the omissions in the complainant's statement to the officer and not to the complainant. It is within the trial court's discretion to comment on the evidence in a manner which is reasonable and fair and does not amount to a direction of verdict or a distortion of the issues. *State* v. *Schoenbneelt,* 171 Conn. 119, 124, 368 A.2d 117 (1976); see also *State* v. *Taylor,* 196 Conn. 225, 232, 492 A.2d 155 (1985). There was no indication that the court's comments were unfair or misleading.

The defendant finally claims, that the court erred in admitting into evidence the third telephone call of April 18, 1984, on the ground that it demonstrated a continuing course of conduct. This claim is not reviewable because it was not properly preserved for appeal.[3]

There is no error.

In this opinion the other judges concurred.