## DeFonce Construction Corporation *v.* Leslie and Elliot Company

(8032)

Dupont, C. J., Foti and Lavery, Js.

Argued January 9—decision released May 22, 1990

*Wesley W. Horton,* with whom were *Jeffrey A. Hoberman* and, on the brief, *John D. Reardon* and *John E. Larson,* for the appellant (defendant).

*Richard L. Albrecht,* with whom, on the brief, was *Gabriel Miller,* for the appellee (plaintiff).

FOTI, J. This appeal arises from a contract action between the parties that was heard, with the consent of both parties, by an attorney trial referee. The defendant appeals from the judgment rendered by the trial court after it accepted the attorney trial referee's report. The defendant claims that the trial court erred (1) in refusing to grant the defendant an extension of time to file a motion to correct, and (2) in accepting the referee's report without considering the defendant's objections to the same.[1] We find no error.

The following facts are relevant to the resolution of the defendant's claims. On July 23, 1983, the plaintiff entered into a subcontract with the defendant whereby the plaintiff agreed to construct improvements on a waterfront facility at the state pier in New London. The defendant had earlier entered into a contract with the naval facilities engineering command of the Department of the Navy for the same project. On January 10, 1984, the plaintiff instituted this action against the defendant for breach of contract.

Four months after the close of the hearing, the parties waived the provision of General Statutes § 51-183b and stipulated that judgment in this nonjury civil case could be rendered at some time beyond the statutorily required 120 days of the completion of the hearing.[2]

---

[1] The defendant also claims that the trial court erred when it failed to decide and grant the defendant's motion for mistrial. When the defendant filed this motion it asserted that a mistrial should have been granted because portions of the hearing transcripts were missing and the court could not render a decision without a complete record of the hearing. At oral argument before this court, however, the parties agreed that no portion of the transcript had ever been missing. Therefore, this claim of error raises a moot point and need not be addressed in our decision today.

[2] This was a purely gratuitous stipulation in light of the fact that attorney trial referees, who do not have the power to render judgments, are exempt from the 120 day time restraint. See *Kowalsky Property, Inc.* v. *Sherwin Williams Co.*, 7 Conn. App. 136, 140, 508 A.2d 43 (1986).

The attorney trial referee requested that the parties file posttrial findings of fact. The plaintiff complied with the referee's request. When the defendant's posttrial findings of fact were not forthcoming, the referee notified it that if he did not receive the findings within ten days he would proceed without them. The defendant never filed its findings and the referee advised the court of his findings and conclusions without the benefit of the defendant's input.

The attorney trial referee filed his findings of fact on February 10, 1989. The defendant filed no motion to correct these findings within the two weeks allowed by Practice Book § 438. On March 6, 1989, the plaintiff filed a motion for judgment with the trial court. On the same date, the defendant filed an objection to the entry of judgment on the ground that the referee's report was not filed within 120 days of the completion of the trial. On March 8, 1989, five days beyond the allotted deadline, the defendant filed a motion to correct. The next day, the plaintiff filed an objection to, and a motion to strike, the defendant's late motion to correct. On March 13, five days after filing his motion to correct, the defendant filed a motion for extension of time within which to file that motion. The defendant later renewed his objection to the entry of judgment.

The trial court conducted a hearing on the plaintiff's motion for judgment, the defendant's motion to correct, the plaintiff's motion to strike and the defendant's motion for extension of time. The court denied, as untimely, the defendant's motions to correct and for an extension of time. It granted the plaintiff's motion for judgment and rendered judgment for the plaintiff.

The defendant claims that the trial court erred when it refused to grant its motion for an extension of time within which to file a motion to correct the trial referee's findings.

Practice Book § 438 provides in part: "If either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding any further facts, or by stating the claims of the parties made before the committee, or by setting forth rulings upon evidence or other rulings of the committee, *he shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions* desired by him . . . ." (Emphasis added.) A motion to correct is the proper motion to file when seeking additions or corrections in a state trial referee's findings. *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 502–503, 508 A.2d 415 (1986).

A court, "for good cause shown, *may* extend the time for filing motions to correct . . ." (Emphasis added.) Practice Book § 444. The use of the permissive "may" in this rule of practice indicates that the granting or denial of a motion for extension of time within which to file a motion to correct is a matter of judicial discretion. In matters of judicial discretion, the action of the trial court will not be disturbed on appeal unless that court acted in clear abuse of its discretion. *State* v. *Mitchell*, 8 Conn. App. 598, 604, 513 A.2d 1268, cert. denied, 201 Conn. 810, 516 A.2d 887 (1986). This court must make every reasonable presumption in favor of the trial court's action in determining whether that court abused its discretion. Id.

Our review of the record indicates that the trial court in the case at hand did not abuse its discretion by refusing to extend the statutory period within which the defendant could file its motion to correct. The defendant had already been given an opportunity to file posthearing findings of fact with the attorney trial referee and had neglected to do so. Consequently, this was the second time that the defendant missed an opportunity to put the findings of fact in an acceptable for-

mat. Further, counsel admitted that he was in town and available to draw the motion to correct within the time prescribed by Practice Book § 438. "A litigant cannot wholly ignore established procedures for the protection of its rights . . . and hope to receive on appeal the same treatment accorded to those who follow the rules of practice." *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 518.

The defendant's final claim is that the trial court erred when it accepted the referee's report without considering the defendant's objections.

In spite of the defendant's assertion that it was not given the opportunity to argue whether the state trial referee had erred in his ruling, the resolution of his claims belies this assertion. It is clear from the record before us that the defendant was given ample opportunity to utilize the standard procedural remedies available to it, but neglected to pursue the proper avenues to present its claim.

There is no error.

In this opinion the other judges concurred.