[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This breach of contract case was referred to an attorney trial referee; General Statutes S 52-434(a)(4), Practice Book S 428 et seq.; who filed her report with this court on July 26, 1990. The defendant's motion to correct was not filed until August 22, 1990. In DeFonce Construction Corp. v. Leslie Eliot Co., 21 Conn. App. 545, 547,574 A.2d 1321 (1990), the court denied a motion to correct that was filed "five days beyond the allotted deadline". Practice Book S 438.
The motion in this case was filed approximately thirteen days after the two-week time limit and hence is untimely.
Judgment therefore should enter for the plaintiff in accordance with the attorney trial referee's report, because the defendant is deemed to have waived his right to attack the referee's subordinate factual findings. Faulkner v. Marineland, Inc. 18 Conn. App. 1, 3, 555 A.2d 1001 (1989).
Our task is limited to deciding "whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield, 5 Conn. App. 104,106, 496 A.2d 994 (1985). I believe this to be the case, as the referee found as a fact that the defendant failed to provide the plaintiff with a computer that met plaintiff's specific needs, and she therefore concluded that the CT Page 2462 plaintiff had sustained damages in the amount of the purchase price, plus interest and costs, and subject to returning the computer to the defendant.
Judgment is therefore entered for the plaintiff as recommended by the attorney trial referee.
So Ordered.
Dated at Stamford, Connecticut this 18th day of October, 1990.
WILLIAM B. LEWIS, JUDGE