ROBERT TREAT ASSOCIATES LIMITED PARTNERSHIP *v.*
BOARD OF SEWER COMMISSIONERS OF THE CITY
OF MILFORD
(14138)
NEWPORT ASSOCIATES *v.* BOARD OF SEWER COMMIS-
SIONERS OF THE CITY OF MILFORD
(14139)
MILFORD BEACH ASSOCIATES *v.* BOARD OF SEWER
COMMISSIONERS OF THE CITY OF MILFORD
(14140)

PETERS, C. J., SHEA, CALLAHAN, GLASS and BORDEN, Js.

Argued June 6—decision released August 6, 1991

*Clifford J. Grandjean,* for the appellants (plaintiffs).

*Bruce L. Levin,* for the appellee (defendant).

BORDEN, J. The dispositive issue in these consolidated appeals is whether the defendant, the board of sewer commissioners of the city of Milford, properly levied assessments of sewer user charges against certain properties owned by the plaintiffs, Robert Treat Associates Limited Partnership, Newport Associates and Milford Beach Associates. The plaintiffs appealed to the Superior Court challenging assessments of sewer user charges levied by the defendant, claiming that: (1) the method of calculating sewer user charges employed by the defendant is not authorized by § 23-83 of the Milford Code of Ordinances[1] or by General Statutes § 7-255 (a);[2] and (2) even if the method of calculation

---

[1] Milford Code of Ordinances § 23-83 provides in pertinent part: "(a) Each user shall pay for the [sewer] services provided by the city based on his use of the treatment works as determined by its equivalent units.

"(b) For residential, industrial, institutional and commercial users, user charges will be based on actual water usage. If a residential, commercial, institutional or industrial user has a consumptive use of water or, in some other manner, uses water which is not discharged into the wastewater collection system, the user charge for that contributor shall be based on modified equivalent units."

[2] General Statutes § 7-255 (a) provides: "The water pollution control authority may establish and revise fair and reasonable charges for connection with and for the use of a sewerage system. The owner of property against which any such connection or use charge is levied shall be liable for the payment thereof. Municipally-owned and other tax-exempt property which uses the sewerage system shall be subject to such charges under the same conditions as are the owners of other property, but nothing herein

is authorized by § 23-83, the ordinance is invalid. The trial court rejected the plaintiffs' claims and dismissed the appeals. Each of the plaintiffs appealed to the Appellate Court, which, suo motu, ordered consolidation of the appeals. We transferred the appeals to this court pursuant to Practice Book § 4023, and now affirm the judgments.

shall be deemed to authorize the levying of any property tax by any municipality against any property exempt by the general statutes from property taxation. No charge for connection with or for the use of a sewerage system shall be established or revised until after a public hearing before the water pollution control authority at which the owner of property against which the charges are to be levied shall have an opportunity to be heard concerning the proposed charges. Notice of the time, place and purpose of such hearing shall be published at least ten days before the date thereof in a newspaper having a general circulation in the municipality. A copy of the proposed charges shall be on file in the office of the clerk of the municipality and available for inspection by the public for at least ten days before the date of such hearing. When the water pollution control authority has established or revised such charges, it shall file a copy thereof in the office of the clerk of the municipality and, not later than five days after such filing, shall cause the same to be published in a newspaper having a general circulation in the municipality. Such publication shall state the date on which such charges were filed and the time and manner of paying such charges and shall state that any appeals from such charges must be taken within twenty-one days after such filing. In establishing or revising such charges the water pollution control authority may classify the property connected or to be connected with the sewer system and the users of such system, including categories of industrial users, and may give consideration to any factors relating to the kind, quality or extent of use of any such property or classification of property or users including, but not limited to, (1) the volume of water discharged to the sewerage system, (2) the type or size of building connected with the sewerage system, (3) the number of plumbing fixtures connected with the sewerage system, (4) the number of persons customarily using the property served by the sewerage system, (5) in the case of commercial or industrial property, the average number of employees and guests using the property and (6) the quality and character of the material discharged into the sewerage system. The water pollution control authority may establish minimum charges for connection with and for the use of a sewerage system. Any person aggrieved by any charge for connection with or for the use of a sewerage system may appeal to the superior court for the judicial district wherein the municipality is located and shall bring any such appeal to a return day of said court not less than twelve or more than thirty days after service thereof. The judgment of the court shall be final."

The plaintiffs claim that the method of calculating sewer user charges employed by the defendant is not authorized by § 23-83 and § 7-255 (a) and that, therefore, the trial court improperly dismissed their appeals from the assessments of such charges.[3] We disagree.

The following facts are either stipulated or undisputed. Each of the plaintiffs is the owner of certain real property located in the city of Milford that has been improved by an apartment complex, which is serviced by Milford's municipal sewer system. The defendant is the water pollution control authority for the city of Milford. See General Statutes § 7-246. For each of the 1989–90 and 1990–91 fiscal years, the defendant levied an assessment of sewer user charges against the plaintiffs' properties. With respect to each of the assessments, the defendant calculated sewer user charges by multiplying a prescribed dollar amount by the number of modified equivalent units[4] ascribed to each of the plaintiffs' properties. The defendant had earlier established that one modified equivalent unit applied to a single apartment.[5] The defendant therefore calculated

---

[3] In their brief, the plaintiffs also renewed their claim that if the defendant's method of assessment is authorized by § 23-83 of the Milford Code of Ordinances, the ordinance is invalid. Relying on *Pepin* v. *Danbury,* 171 Conn. 74, 85, 368 A.2d 88 (1976) (regarding special benefit assessments levied pursuant to General Statutes § 7-249), the plaintiffs argued that the use assessments levied against their properties are invalid because the value of the assessments exceeds the benefit accruing to their properties. At oral argument before this court the plaintiffs twice stated, however, that they do not challenge the validity of the ordinance. We conclude, therefore, that the plaintiffs have abandoned their claim of invalidity. See *Pokorny* v. *Getta's Garage,* 219 Conn. 439, 448–49 n.9, 594 A.2d 446 (1991).

[4] For each of the 1989–90 and 1990–91 fiscal years, the defendant calculated sewer user charges at the rates of $122.40 and $143.52 per modified equivalent unit, respectively. A "modified equivalent unit" is defined as "discharge to municipal sewer in gallons per day divided by two hundred thirty-two (232) gallons per day, rounded up to the nearest whole number." Milford Code of Ordinances § 23-81 (q).

[5] The legal notice published by the defendant establishing a sewer user charge for the 1989–90 fiscal year provides in pertinent part: "In accord-

the plaintiffs' sewer user charges by multiplying the prescribed dollar amount by the number of apartments located on each of their properties.

## I

We first address the plaintiffs' claim that the trial court should have concluded that the defendant's method of calculating the plaintiffs' sewer user charges is not authorized by § 23-83 of the Milford Code of Ordinances. We reject this claim.

## A

The plaintiffs maintain that the defendant's failure to calculate the plaintiffs' sewer user charges on the basis of their actual water usage is contrary to § 23-83 (a) and the first sentence of § 23-83 (b). Relying on the second sentence of § 23-83 (b), the defendant counters that because the plaintiffs' properties are composed of residential users[6] who have a consumptive use of water,[7] the plaintiffs' properties are excluded from the

---

ance with the requirements of Sections 23-80 through 23-86 of the Code of Ordinances of the City of Milford the Board of Sewer Commissioners has established the Sewer User Charge at $122.40 per modified equivalent unit for fiscal year 1989–1990.

"The modified equivalent unit is defined in Section 23-81, paragraph (q) of the ordinances, and is the charge applicable to all single family residences, apartments, condominium units and to individual stores and storage facilities, and offices up to 3,000 square feet. It is also the minimum charged per connection for all other classes of users. Larger users will be charged for the total number of modified equivalent units used, rounded up to the nearest whole number."

With the exception of a different dollar figure and a different fiscal year, the pertinent portion of the legal notice published by the defendant establishing a sewer user charge for the 1990–91 fiscal year is the same as above.

[6] Section 23-81 (e) of the Milford Code of Ordinances provides: " 'Residential user' shall mean any contributor to the city's treatment works whose lot, parcel or real estate, or building is used for domestic dwelling purposes only and will be considered one (1) equivalent user."

[7] A consumptive use of water is a use of water that does not result in discharge to the sewer system. Such uses include drinking water and watering a lawn.

method of calculation based on actual water usage. We agree with the defendant.

Section 23-83 of the Milford Code of Ordinances provides in pertinent part: "(a) Each user shall pay for the [sewer] services provided by the city based on his use of the treatment works as determined by its equivalent units.

"(b) For residential, industrial, institutional and commercial users, user charges will be based on actual water usage. If a residential, commercial, institutional or industrial user has a consumptive use of water or, in some other manner, uses water which is not discharged into the wastewater collection system, the user charge for that contributor shall be based on modified equivalent units." Section 23-81 (p) of the Milford Code of Ordinances provides: " 'Equivalent units' shall mean the annual water consumption in units of one hundred (100) cubic feet divided by thirteen thousand three hundred (13,300) cubic feet rounded up to the nearest whole number." Section 23-81 (q) provides: " 'Modified equivalent units' shall be used when equivalent units are not applicable and shall be defined as discharge to municipal sewer in gallons per day divided by two hundred thirty-two (232) gallons per day, rounded up to the nearest whole number."

It is undisputed that the plaintiffs' properties involve residential use and, moreover, that every apartment has a consumptive use of water within the meaning of the ordinance. The second sentence of § 23-83 (b) therefore authorizes the defendant to calculate sewer user charges for the plaintiffs' properties on the basis of modified equivalent units. Consequently, the method of calculation based on equivalent units, namely, actual water usage, does not apply to the plaintiffs' properties.

The plaintiffs argue that such an interpretation renders superfluous § 23-83 (a) and the first sentence

of § 23-83 (b). Although we recognize that, in light of the undisputed evidence that all residential users have some consumptive use of water, § 23-83 (a) and the first sentence of subsection (b) are superfluous with respect to residential users, we cannot conclude that the provisions are entirely superfluous because the record fails to indicate the method by which sewer user charges are calculated for industrial, commercial and institutional users. Put another way, the purported superfluity of these provisions in the context of residential users does not, ipso facto, mean that they must be regarded as superfluous for purposes of the proper construction of § 23-83, because they may well have effect in the context of industrial, commercial and institutional users. The failure of the plaintiffs to present a proper record in this regard, therefore, undercuts their claim that, if the defendant's interpretation were to prevail, these provisions would be superfluous.

### B

The plaintiffs next argue that the defendant's failure to calculate the plaintiffs' sewer user charges on the basis of their actual sewer discharge violates § 23-83 (b). We disagree.

Our analysis of the plaintiffs' second argument consists of three parts: first, we clarify an implicit assertion that underlies this argument of the plaintiffs; next, we address the validity of that assertion; finally, we consider the merits of the argument.

### 1

The trial court acknowledged, but did not directly address, the plaintiffs' challenge to the defendant's treatment of each apartment on the plaintiffs' properties as one residential user unit. We agree with the trial court that this contention implicitly underlies the plaintiffs' appeals of the assessments.

The number of modified equivalent units attributable to a residential user of the sewer system is determined by dividing the number of gallons that the user discharges into the system each day by 232 and rounding the resultant figure up to the nearest whole number. Milford Code of Ordinances § 23-81 (q). Thus, because it is undisputed that every connection to the sewer system causes some discharge into the system, the sewer user charge for every residential user will be based on a minimum of one modified equivalent unit. In fact, the defendant admits that with respect to residential users it considers the numerator of the fraction in the modified equivalent unit formula always to be a positive number less than 232, which consequently produces a value greater than zero and less than one, which, when rounded up to the nearest whole number, or one, results in a figure of one modified equivalent unit per residential user.

In calculating the sewer user charges for the plaintiffs' properties, the defendant ascribed one modified equivalent unit to each residential user. Because the defendant calculated the plaintiffs' sewer user charges on the basis of the *minimum* number of modified equivalent units applicable to residential users, the plaintiffs' challenge to the defendant's method of calculation appears unfounded.[8] We presume, therefore, that the plaintiffs implicitly challenge the defendant's treatment of each apartment on the plaintiffs' properties as one residential user.

---

[8] Having calculated the plaintiffs' sewer user charges on the basis of the minimum number of modified equivalent units applied per residential user, the assessments of sewer user charges against the plaintiffs' properties are the lowest assessments that could have been levied. Thus, absent a challenge to the defendant's treatment of each apartment as one residential user, the plaintiffs' claim that they were overcharged and that their charges should be reassessed is illogical.

Our presumption is consistent with the factual groundwork of the plaintiffs' claim. The plaintiffs assert that the amount of sewage discharged by their respective properties is determined by measuring the amount of water provided *to* the properties and reducing that figure by 15 percent to account for the water that is consumed and, therefore, not discharged into the sewer system. The figures that the plaintiffs have provided regarding water usage reflect the amount of water used by each of their properties as a whole. They have not provided any figures concerning the amount of water used by each of the apartments. The plaintiffs appear to assert, therefore, that the number of modified equivalent units upon which their sewer user charges must be based is equal to the number of gallons of water used daily by each of their properties as a whole, reduced by 15 percent, divided by 232 gallons and rounded up to the nearest whole number. Calculation of modified equivalent units in this manner would regard each of the plaintiffs' properties as one residential user.

2

Because the plaintiffs' second argument is premised upon this assertion, we must determine whether the defendant properly regarded each apartment as one residential user in calculating the sewer user charges assessed against the plaintiffs' properties.

Section 23-81 (e) of the Milford Code of Ordinances provides: " 'Residential user' shall mean any contributor to the city's treatment works whose lot, parcel or real estate, or building is used for domestic dwelling purposes only and will be considered one (1) equivalent user." Because it is undisputed that each apartment on the plaintiffs' properties is connected to the sewer system and that each connection to the sewer system causes some discharge, each apartment, whether

occupied or vacant, is reasonably viewed as a "contributor to the city's treatment works."[9] Furthermore, the plaintiffs do not dispute that the apartments on their properties are "real estate . . . used for domestic dwelling purposes only." We conclude, therefore, that the defendant reasonably determined that each apartment on the plaintiffs' properties is a residential user within the meaning of § 23-83 (b).

3

Having determined that the defendant properly regarded each apartment as a residential user in calculating the sewer user charges assessed against the plaintiffs' properties, we now turn to the merits of the plaintiffs' argument. The plaintiffs argue that because the defendant failed to calculate the plaintiffs' sewer user charges on the basis of actual sewer discharge, the sewer user charges are not authorized by § 23-83 (b). Although we recognize that the defendant's method of calculation does not comply precisely with the language of § 23-83 (b), we are unpersuaded.

The defendant concedes that it did not consider actual sewer discharge in calculating the plaintiffs' sewer user charges. As previously stated, the defendant calculated the plaintiffs' sewer user charges according to the minimum sewer user charge provided for by § 23-83 (b). The only consequence of calculating the plaintiffs' sewer user charges according to a literal reading of § 23-83 (b), therefore, would be that their charges might be increased because some of the residential users for

___

[9] According to the evidence presented by the defendant to the trial court, every connection to both the water supply and the sewer system causes leakage into the system. Even connections with shutoff valves exhibit some amount of leakage. This evidence was not challenged by the plaintiffs. On the basis of the facts in the record, therefore, it is undisputed that even vacant apartments are properly viewed as contributors to the city's treatment works.

whose sewer user charges the plaintiffs, as property owners, are responsible, might in fact be ascribed *more* than one modified equivalent unit. Because each of the plaintiffs was charged the minimum sewer user charge contemplated by § 23-83 (b), it is not possible that calculation of their charges according to actual sewer discharge would result in a lower charge. Thus, although the defendant failed to comply precisely with § 23-83 (b), the plaintiffs cannot be heard to complain of the defendant's noncompliance, which has not harmed them and may in fact have inured to their benefit.[10]

## II

The plaintiffs next claim that the trial court should have concluded that the defendant's method of calculating sewer user charges is not authorized by § 7-255 (a). In support of this claim, the plaintiffs argue that because the factors set forth in § 7-255 (a) pertaining to the establishment of sewer user charges focus primarily on contribution to a sewer system, the defendant was required to calculate the plaintiffs' sewer user charges on the basis of their actual sewer discharge. This claim warrants little discussion.

[10] Because our conclusion that the plaintiffs' second argument is without merit rests upon our determination that the plaintiffs have failed to show any harm stemming from the defendant's action, at first glance, the trial court's jurisdiction to entertain this appeal may appear subject to question. See General Statutes § 7-255 (a) (any party aggrieved by an assessment may appeal to the Superior Court). We conclude, however, that the trial court's jurisdiction is not implicated by our conclusion.

In light of their implicit assertion that the defendant improperly regarded each apartment as one residential user and that, as a result, the sewer user charges assessed are excessive, the plaintiffs adequately assert that their personal and legal interests have been specially and injuriously affected by the actions of the defendant and that, therefore, they are aggrieved within the meaning of § 7-255 (a). See *Milford* v. *Local 1566,* 200 Conn. 91, 96, 510 A.2d 177 (1986); *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 493, 400 A.2d 726 (1978). The trial court relied upon this implicit assertion for its finding that the plaintiffs are aggrieved.

Section 7-255 (a) provides in pertinent part: "The water pollution control authority may establish and revise fair and reasonable charges for connection with and for the use of a sewerage system. . . . In establishing or revising such charges the water pollution control authority *may classify the property* connected or to be connected with the sewer system and the users of such system, including categories of industrial users, and *may give consideration to any factors relating to the kind, quality or extent of use of any such property or classification of property or users including, but not limited to,* (1) the volume of water discharged to the sewerage system, (2) the type or size of building connected with the sewerage system, (3) the number of plumbing fixtures connected with the sewerage system, (4) the number of persons customarily using the property served by the sewerage system, (5) in the case of commercial or industrial property, the average number of employees and guests using the property and (6) the quality and character of the material discharged into the sewerage system. The water pollution control authority *may establish minimum charges* for connection with and for the use of a sewerage system." (Emphasis added.)

The plaintiffs ignore the plain language of § 7-255 (a), which is dispositive of their second claim. In calculating sewer user charges, the defendant is permitted to consider factors relating to a user's sewer contribution. Nonetheless, consideration of such factors is not required. Moreover, the defendant may establish minimum charges for use of the sewer system. We conclude, therefore, that § 7-255 (a) does not require the defendant to consider actual sewer discharge in calculating sewer user charges and does therefore authorize the method of calculating sewer user charges employed by the defendant.

The judgments are affirmed.

In this opinion the other justices concurred.